RECTOR GARRETT v. THE STATE.

No. 6666.    Decided April 5, 1922.

Rehearing granted June 6, 1923.

**Passing Forged Instrument—District Attorney—Representation by Counsel.**

Where, upon appeal from conviction of passing a forged instrument, the record showed that the district attorney had been employed by the de-

fendant before his election, and had conducted the prosecution against him thereafter, although this did not occur to him until after conviction of the defendant, and besides the defendant had had no opportunity to secure counsel to represent him, the judgment is reversed and the cause remanded.

Appeal from the District Court of San Augustine. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sanders & Sanders*, for appellant:

*R. G. Storey*, Assistant Attorney General for the State.

HAWKINS, JUDGE.—Conviction is for attempting to pass as true a forged instrument. Punishment was fixed at two years confinement in the penitentiary.

Appellant was indicted in February, 1919. It appears that prior to the indictment being returned he had been arrested upon complaint. Appellant claims that he consulted K. W. Stephenson and gave him all the facts of his case and employed said Stephenson to represent him. He says no definite fee was agreed upon, but that he hauled to Mr. Stephenson's barn six bushels of corn in part payment on the fee, and that Mr. Stephenson told him there would be no examining trial on account of the influenza epidemic, but he would be bound over to the court awaiting the action of the grand jury. Before the indictment was returned Mr. Stephenson was elected district attorney, and told appellant (so the latter claims) that having been elected district attorney he could not further represent him, whereupon he employed one McDonald as his lawyer. Stephenson represented the State at all times after his election as district attorney and prosecuted appellant at the time he was convicted at the July term, 1921. At the July term, 1919, the case was continued without order; at the January term, 1920, it was continued by agreement, and at the January term, 1921 it was continued without stating to whom the continuance was to be charged. During all of this time appellant was represented by McDonald who died about one week after the expiration of the January term, 1921. Appellant made no complaint that Stephenson had formerly been his attorney in the case and the court's attention was never called to that fact until after his trial and conviction. When the case was called for trial at the July term, 1921, appellant was not present. An alias capias was issued upon which he was brought into court the next day. He claims not to have known that his attorney (McDonald) had died until after he was arrested on this alias capias. The court gave him permission to talk to an attorney after he was brought into court and the judge cer-

tifies that after the consultation the only request made by the attorney was that the case be postponed for a few days to give appellant an opportunity to raise a fee, which postponement the court declined to grant. The district attorney says that at the time the case was tried he had entirely overlooked the fact that appellant had ever talked to him about it but that after conviction he recalled that he had done so, and himself called the attention of Mr. Sanders, the attorney now representing appellant, to that fact. Stephenson says he has no recollection of appellant going over the facts with him, nor of having represented the appellant at the examining trial; that no fee was ever paid him by appellant except the six bushels of corn which appellant reported having left in his (Stephenson's) barn.

None of the matters of which appellant now complains were raised in the court below until set up in his motion for new trial. The facts in the case show beyond question appellant's guilt. · He alleges in his motion for new trial that if he had had counsel he could and would have presented a defense, but it nowhere appears in the record what the defense would have been; the name of no witness is given who had ever been subpœnaed in his case, or who could have been found whose testimony could in any way have defeated the charge against him. If it appeared that appellant had in the slightest degree been injured by the fact that Mr. Stephenson had ever at any time been consulted by him we would not be inclined to permit this conviction to stand, but no such fact appears from the record. It is not even asserted by counsel now representing appellant that there was any purposeful act on the part of Stephenson to take advantage of appellant in any ways, but it is admitted that Stephenson entirely overlooked the fact that he had ever at any time been consulted by appellant about the case. It does not appear that knowledge of any fact came into possession of the district attorney through such consultation which was used by him to the detriment of appellant on the trial. We are constrained to believe that the mere fact that appellant had at one time talked to him about his case, in the absence of any showing that appellant had any defense he could have interposed, does not present a state of affairs which calls upon this court to reverse the judgment. Appellant made no complaint at the time of the trial that Mr. Stephenson had ever been his lawyer, and totally failed in any way to call the court's attention thereto.

The judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 6, 1923.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing from which we have been persuaded that we may have been in error in heretofore ordering an affirmance. From appellant's testimony

upon hearing of the motion for new trial it appears there had been a former employment of the then acting district attorney to represent him. The district attorney, Mr. Stephenson, also evidently so regarded it. He says:

"After the case was tried and the defendant convicted I recalled that I had discussed the case with the defendant before the indictment was returned. I informed Mr. Sanders, who is now representing the negro, of my relationship with the case and told him that I would be glad for him to take any advantage of my connection with the case before I became district attorney. * * * If I had recalled the fact that I had discussed with the defendant as stated, I would have called the attention of the court to the matter, and I would not have prosecuted him. *I feel that I was disqualified to do so.* I regret that I did not recall my former connection with the case at the time it was called for trial."

Article 30, Code Cr. Proc. reads as follows:

"It is the duty of each district attorney to represent the state in all criminal cases in the district courts of his district, *except in cases where he has been, before his election, employed adversely;* and he shall not appear as counsel, against the state in any court; and he shall not, after the expiration of his term of office, appear as counsel against the state in any case in which he may have appeared for the state."

Doubtless if Mr. Stephenson's former connection with the case had been known to the learned trial judge he would have appointed some other attorney to conduct the prosecution. He qualifies the bill presenting this question by the statement that appellant's former attorney, who was deceased at the time of the trial, had never made objection to Mr. Stephenson representing the state. This is doubtless true; but there had been no trial of the case up to the time this attorney died, and Mr. Stephenson had only represented the state in continuing the case. Appellant says he did not know how to object, nor what he could legally object to, and was without counsel to do this for him.

The court gave him opportunity to converse with an attorney, but appellant says "having no friends or relatives in this county to assist me, and having such short time to talk to said lawyer, I could not get him to represent me. If I had had more time I could have gotten a lawyer." This seems to have been true, as he has since the trial procured attorneys who are now representing him. He says his attorney who had died was to have his witnesses summoned, and was to notify him when to be in court; that he had no information that his lawyer had died until the day before he was put to trial, and at the time he was re-arrested after his bond had been forfeited. This court has frequently commented on the valuable right of accused to have counsel. Dougherty v. State, 33 Tex. Cr. Rep., 173. Especially is

this true where the defendant is unlearned and solely dependent upon his attorney. Appellant in the instant case had not been careless about the matter. He had employed two. He had been deprived of one by him becoming district attorney, and death had removed the other.

We have reached the conclusion that it is our duty to remand this case in order that appellant may have counsel to represent him, and that the state may be represented by some attorney not embarrassed by a former employment by accused.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*