**Ex parte Raleigh George SPAIN, Jr.**

**No. 62656.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 7, 1979.

---

* See V.T.C.A., Penal Code, Sec. 6.02.

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is a post-conviction proceeding brought under Article 11.07, V.A.C.C.P.

On May 11, 1976, petitioner pleaded guilty to the offense of burglary of a habitation; punishment was assessed at imprisonment for 10 years, probated. On January 8, 1979, the State filed a motion to revoke petitioner's probation, alleging that petitioner violated the conditions of his probation when he failed to report to his probation officer; failed to pay court costs, attorney's fees, and probation fees; and failed to notify his probation officer of a change in residence. Upon holding a revocation hearing the court found that petitioner violated all of the above conditions and revoked his probation. The court sentenced petitioner to imprisonment for eight years.

Petitioner urges that he was denied due process of law because the prosecutor who filed the State's motion to revoke probation and who represented the State at the revocation hearing had originally represented

petitioner as defense counsel when petitioner pleaded guilty. We agree and grant relief.

Article 2.01, V.A.C.C.P., provides in part that

Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, *employed adversely*. [Emphasis added]

This duty to avoid a conflict of interest has long been imposed on the prosecutors of this State. See Article 25 of the former Code of Criminal Procedure; *Garrett v. State*, 94 Tex.Cr.R. 556, 252 S.W. 527 (Tex. Crim.App.1923, Opinion on Motion for Rehearing).

Section 1.2 of the American Bar Association's *Standards Relating to the Prosecution Function and the Defense Function* provides that

(a) A prosecutor should avoid the appearance or reality of a conflict of interest with respect to his official duties.

(b) A conflict of interest may arise when, for example, . . .

(iii) a former client or associate is a defendant in a criminal case.

The commentary to this section states

. . . When a conflict of interest may arise the prosecutor should recuse himself and make appropriate arrangements for the handling of the particular matter by other counsel . . . It is of the utmost importance that the prosecutor avoid participation in a case in circumstances where any implication of partiality may cast a shadow over the integrity of his office.

▇ When a district attorney prosecutes *someone whom he previously represented in the same case*, the conflict of interest is obvious and the integrity of the prosecutor's office suffers correspondingly. Moreover, there exists the very real danger that the district attorney would be prosecuting the defendant on the basis of facts acquired by him during the existence of his former professional relationship with the defendant. Use of such confidential knowledge would be a violation of the attorney-client relationship and would be clearly prejudicial to the defendant. See *Gajewski v. United States*, 321 F.2d 261 (8th Cir. 1963). The prosecutor in this case should never have initiated or participated in the revocation proceedings.

▇ When an appointed counsel has an actual conflict of interest, a defendant is denied his right of effective representation, without the necessity of a showing of specific prejudice. *Harrison v. State*, 552 S.W.2d 151 (Tex.Cr.App.1977); *Stutes v. State*, 530 S.W.2d 309 (Tex.Cr.App.1975); *Zuck v. Alabama*, 588 F.2d 436 (5th Cir. 1979). We likewise conclude that when a prosecutor proceeds against a defendant whom he formerly represented as defense counsel in the same case, no specific prejudice need be shown by the defendant.

▇ We hold that Article 2.01, supra, has been violated, and petitioner has been denied due process of law under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 19 of the Texas Constitution.

Accordingly, the writ is granted, and the order revoking probation in Cause No. 5488 is set aside. Petitioner is ordered released from confinement and returned to probationary status under the jurisdiction of the 118th District Court of Howard County. A copy of this opinion shall be forwarded to the Texas Department of Corrections.

It is so ordered.