**Ex parte Frank MORGAN.**

**No. 67801.**

Court of Criminal Appeals of Texas, En Banc.

June 3, 1981.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Art. 11.-07, V.A.C.C.P.

On August 15, 1975, petitioner was convicted in a trial before the court following his plea of guilty of burglary of a building. Punishment was assessed at 10 years, probated. The probation was revoked on July 2, 1980, after the court found that petitioner had violated the conditions of his probation by committing the offenses of driving while intoxicated and public intoxication.

Petitioner maintains he was denied due process of law because the prosecutor who filed the State's motion to revoke probation and who represented the State at the revocation hearing had originally represented petitioner as defense counsel when petitioner pled guilty and was granted probation. The record supports petitioner's factual allegations.

In *Ex Parte Spain*, 589 S.W.2d 132 (Tex. Cr.App.), this Court granted relief in a factual situation identical to that now presented. There, it was stated:

"When a district attorney prosecutes someone whom he previously represented *in the same case*, the conflict of interest is obvious and the integrity of the prosecutor's office suffers correspondingly. Moreover, there exists the very real danger that the district attorney would be prosecuting the defendant on the basis of facts acquired by him during the existence of his former professional relationship with the defendant. Use of such confidential knowledge would be a violation of the attorney-client relationship and would be clearly prejudicial to the defendant. See *Gajewski v. United States*, 321 F.2d 261 (8th Cir. 1963). The prosecutor in this case should never have initiated or participated in the revocation proceedings." (Emphasis in original). Id. at 134.

The relief sought is granted and the order revoking probation in Cause No. 5360 is set aside. Petitioner is ordered released from confinement and returned to probationary status under the jurisdiction of the 118th Judicial District Court of Howard County.

It is so ordered.