Edward OFFERMANN, Appellant,

v.

The STATE of Texas, Appellee.

No. 4–87–00016–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1987.

Robert G. Garza, San Antonio, for appellant.

W.C. Kirkendall, Sean K. Proctor, Dist. Attys., Seguin, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

DIAL, Justice.

The defendant entered a plea of guilty to the offense of forgery by passing and pleaded true to two enhancement paragraphs alleging two previous felony convictions. Punishment was set at 25 years' confinement.

The punishment set was that recommended by the prosecutor and agreed to by the defendant and his attorney. Under these circumstances the trial court must give its permission to the defendant before he may prosecute an appeal on matter in the case except those raised by written motions filed prior to trial. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(3) (Vernon 1987). The only matter so raised was contained in the defendant's Motion to Appoint Special Prosecutor.

In the motion the defendant alleged that the District Attorney of Guadalupe County, who was the prosecutor in the present case, was the complaining witness in one of the defendant's prior convictions. The motion further alleged:

> By reason of the foregoing, the District Attorney, W.C. Kirkendall, is embarked upon and is likely to engage in a course of conduct which is vindictive in nature and places the defendant's right to a fair trial in jeopardy and jeopardy, all in violations of the defendant's rights under the Constitution of the United States of America and the Constitution of the State of Texas.

In support of the motion the defendant testified that his former wife had been an employee of a company of which Mr. Kirkendall was a part owner, and the defendant and his wife were involved in embezzling funds from the company. The defendant testified, "And in my opinion I feel now that coming in front of Mr. Kirkendall, again, he still carries a personal grudge with what happened back then. I don't feel I would get a fair trial."

Kirkendall also testified, to the question "Your prior involvement with Mr. Offermann wouldn't have a personal effect on your judgment in the current?", he re-

sponded, "I don't think it would effect my current involvement as long as he is sentenced to the penitentiary, but I have that feeling about many defendants."

The only point of error urged by the defendant on appeal is that the trial court erred in denying his Motion to Appoint a Special Prosecutor. As authority for his contention the defendant cites that portion of TEX.CODE CRIM.PROC.ANN. art. 2.01 that says, "It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." He also cites *Donald v. State,* 453 S.W.2d 825 (Tex.Crim. App.1969) where it was alleged that the Dallas District Attorney Henry Wade and his assistants were disqualified to prosecute a case because the District Attorney was on the Board of Directors of a Dallas Bank. This case gives no support to the defendant's position. The Court of Criminal Appeals affirmed the conviction finding that there was no evidence that Wade sat on the Board of the Bank or was connected with the transaction of the particular case.

The defendant admits there are no Texas cases similar to his, *i.e.,* a situation where the prosecutor allegedly has a "grudge" against the defendant. Though there have been instances of convictions being set aside where a conflict of interest was established based on the prosecutor having previously represented the defendant as his counsel, *Ex parte Spain,* 589 S.W.2d 132 (Tex.Crim.App.1979), *Ex parte Morgan,* 616 S.W.2d 625 (Tex.Crim.App.1981), we find no authority for the defendant's contention.

More importantly, the defendant has failed to establish that the prosecutor did in fact bear a "grudge" against him or if he did, that it harmed the defendant in any way. The defendant personally agreed to the plea of guilty and the recommended punishment. Pursuant to the plea bargaining agreement the District Attorney dismissed two other felony indictments pending against the defendant and recommended the minimum punishment of 25 years for a habitual felony offender. This is certainly not an unjust result considering the defendant's prior record. We conclude beyond a reasonable doubt that the District Attorney's prior relationship with the defendant made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2).

There being no reversible error, the judgment of conviction is affirmed.