The STATE of Texas ex rel. Randall L. SHERROD, Criminal District Attorney, Relator,

v.

Honorable Darrell R. CAREY, Judge, and John Terry, Special Prosecutor, Respondents.

No. 07–90–0054–CV.

Court of Appeals of Texas, Amarillo.

March 30, 1990.

706

Randall L. Sherrod, Dist. Atty., Canyon, for relator.

V.G. Kolius, Amarillo, for respondents.

Before DODSON, BOYD and POFF, JJ.

PER CURIAM.

In this original proceeding, the State seeks a writ of mandamus to compel respondent, the Honorable Darrell R. Carey,

Judge of the Randall County Court at Law, to vacate orders disqualifying the Randall County Criminal District Attorney's office from representing the State in a case pending before his court, and appointing a special prosecutor in that case. The State also seeks a writ of prohibition against the special prosecutor, respondent John Terry, to prohibit his representation of the State. For the reasons below, we conclude that the State is not entitled to the extraordinary relief requested, and overrule the State's motions for leave to file.

This proceeding had its genesis in a juvenile case styled In the Matter of R.W.C., A Child, No. 1868–J in the Randall County Court at Law. In that case, the State seeks to have the child certified for trial as an adult under Tex.Fam.Code Ann. § 54.02 (Vernon 1986 & Supp.1990). The State alleges in its petition for discretionary transfer that the child is 15 years old and committed capital murder by shooting two persons to death with a shotgun.

The child's parent requested appointed counsel on grounds of indigency. The court appointed Gene Fristoe, a lawyer from Canyon, to represent the child. During the course of his representation, Fristoe interviewed the child on numerous occasions, interviewed witnesses, researched the law, and formed certain undisclosed opinions concerning the child's maturity and sophistication.[1]

Several weeks after his appointment as counsel for the child, Fristoe was hired as a prosecutor in the Randall County Criminal District Attorney's office. The district attorney instructed Fristoe to isolate himself from discussions about the case and "have nothing to do with that case."[2] The court permitted Fristoe to withdraw, and appointed another lawyer to represent the child.

Newly appointed counsel moved to disqualify the entire Randall County Criminal District Attorney's office under the new

Texas Disciplinary Rules of Professional Conduct, article 10, § 9 of the State Bar Rules adopted by the Supreme Court effective January 1, 1990, found in the appendix immediately following Tex.Gov't Code Ann. § 83.006 (Vernon Supp.1990). Following a hearing on the motion, the trial court disqualified the entire Randall County Criminal District Attorney's office and appointed John Terry as special prosecutor under Tex.Code Crim.Proc.Ann. art. 2.07 (Vernon 1977).

The State contends that the Randall County Criminal District Attorney has sole authority to prosecute all criminal and juvenile matters in Randall County under Tex. Code Crim.Proc.Ann. art. 2.01 (Vernon Supp.1990). Based upon its belief that the trial court had no discretion or authority to appoint a special prosecutor, the State commenced this original action for writs of mandamus and prohibition.

■ Writs of mandamus issue to control the conduct of a judge when the duty to do the act commanded is ministerial and nondiscretionary in nature. *Turner v. Pruitt,* 342 S.W.2d 422, 423 (Tex.1961). An act is ministerial if the law prescribes the duty to be performed by the judge with such precision and certainty that nothing is left to the exercise of discretion or judgment. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 832 (Tex.1980). The writ may, however, issue in a proper case to correct a clear abuse of discretion. *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434, 440–41 (1959).

■ A writ of prohibition, on the other hand, is the process by which a superior court prevents inferior courts, officers, or persons from usurping or exercising jurisdiction with which they have not been vested. *LeBlanc v. Gist,* 603 S.W.2d 841, 843 (Tex.Crim.App.1980). The writ of prohibition is issued to prevent the commission of a future act, and is not available to undo an

---

1. The obvious inference from this fact is that Fristoe may become a material witness at the certification hearing concerning his opinions of the child's maturity and sophistication.

2. The State's assurances that Fristoe had been isolated from other members of the district at-

torney's office is an acknowledgement that an apparent conflict of interest exists. Under such circumstances, steps must be taken to ensure that the child's rights are not jeopardized, invoking the trial court's discretionary powers.

act already performed, or to correct or amend proceedings that have already terminated. *State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 482 n. 19 (Tex.Crim.App. 1985).

The presence of any disputed factual or legal issues renders the case inappropriate for mandamus. Mandamus will not issue to compel an act that is to any degree discretionary, *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 898–900 (Tex.Crim. App.1985), nor will mandamus issue to compel a particular result in what is manifestly a situation requiring a discretionary decision. *White v. Reiter*, 640 S.W.2d 586, 593–94 (Tex.Crim.App.1982).

The duty to avoid a conflict of interest has long been imposed on the prosecutors of this state. *See, e.g., Garrett v. State*, 94 Tex.Crim. 556, 252 S.W. 527 (1922). The duty is presently codified in article 2.01 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1990). That statute provides in part that "each district attorney shall represent the State ... except in cases where he has been, before his election, employed adversely." The State argues that the trial court had no discretion to disqualify the entire district attorney's office, and could only disqualify the district attorney himself under the specific statutory grounds of article 2.01, *i.e.*, that the district attorney had personally represented the child prior to election.

In *Ex parte Spain*, 589 S.W.2d 132, 134 (Tex.Crim.App.1979), the court held that a conflict of interest arose when a prosecutor representing the State at a probation revocation hearing originally represented the defendant when he first pleaded guilty. The existence of a conflict of interest denied the defendant's right to due process under the Fourteenth Amendment and Tex. Const. art. I, § 19. *See also Ex parte Morgan*, 616 S.W.2d 625, 626 (Tex.Crim. App.1981). *Spain* and *Morgan* both recognized that cases involving an apparent conflict of interest on behalf of the State present constitutional questions of due process, and require no specific showing of prejudice by the defendant.

In addition to the mere appearance of impropriety, there exists a very real danger that the district attorney could prosecute the defendant on the basis of facts acquired by him during the existence of a prior professional relationship. *Spain*, 589 S.W.2d at 134. Use of such confidential information would not only violate the attorney-client privilege, but would also deprive the defendant of his constitutional right to due process and his right against self-incrimination. These constitutional rights are so vital to a fair trial that courts must examine every potential infringement with exacting scrutiny.

Thus, contrary to the State's interpretation, there are circumstances in which article 2.01 must be construed broadly enough to include adverse employment by members of the district attorney's office, as well as the district attorney himself, in order to protect the constitutional rights of a defendant. The trial court's duty when ruling on a motion to disqualify is to ensure that the defendant's constitutional rights are not violated by any alleged conflict of interest. That duty is discretionary, not ministerial, in nature.

The case of *State v. May*, 270 S.W.2d 682, 684 (Tex.Civ.App.—San Antonio 1954, no writ) involved an appeal from the trial court's order overruling a motion for of leave to file a petition for writ of quo warranto. The court had previously disqualified both the district attorney and his assistant from prosecuting several criminal cases, and appointed a special prosecutor. The assistant district attorney's motion for leave to file petition for writ of mandamus against the trial court was overruled by the Supreme Court, apparently without an opinion. Thereafter, the assistant filed a motion for leave to file petition for writ of quo warranto, questioning the authority of the special prosecutor to conduct the prosecutions. The San Antonio Court of Civil Appeals held that the trial court was entitled to exercise its discretion to disqualify a member of the district attorney's staff when the district attorney himself was disqualified; therefore, appointment of the special prosecutor was also appropriate.

Another case in which the court was faced with a fact situation not expressly

covered by article 2.01 is *Worthington v. State*, 714 S.W.2d 461 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). In that case, the defendant filed a motion to disqualify because one of the prosecutors had previously served as court-appointed counsel for the co-defendant. The motion was never presented to the trial court for a ruling, and therefore the defendant failed to preserve his error. There was also no evidence that the prosecutor had ever received any confidential information harmful to the defendant by virtue of his prior representation of the co-defendant. The court reasoned that any error in permitting the prosecutor to remain on the case was therefore harmless. *Id.* at 465.

The clear implication of *May* and *Worthington* is that article 2.01 must be construed broadly enough to protect a defendant from conflicts of interest involving not only the elected district attorney himself, but also members of his staff. The district attorney, and his entire office under appropriate circumstances, may be disqualified from participation in a particular case on constitutional grounds as well as under the Disciplinary Rules of Professional Conduct. The trial court has a duty to protect a defendant's right to due process of law under both the United States and Texas Constitutions. These constitutional considerations override the inconsistent implications, if any, of article 2.01 argued by the State.

■ Without passing on the merits of the trial court's ruling, we conclude that disqualification of the district attorney's office, and appointment of a special prosecutor, were matters within the discretion of the trial court. Mandamus will not issue to compel an act that is to any degree discretionary. Since we conclude that the trial court had discretion to disqualify the Randall County Criminal District Attorney and members of his staff from the case, we overrule relator's motions for leave to file petitions for writs of mandamus and prohibition.