`
IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-275-CR




RAUL PORFIRIO RIOS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-90-22, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING


 





PER CURIAM

 After accepting appellant's plea of guilty and judicial confession, the district court
found that the evidence substantiated appellant's guilt of aggravated sexual assault, deferred
further proceedings without adjudicating guilt, and placed appellant on probation. On the State's
motion, the court later revoked appellant's probation following a hearing, adjudged appellant
guilty, and assessed punishment at imprisonment for life. Tex. Penal Code Ann. § 22.021 (West
1989); Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 1993).

 A special prosecutor was appointed by the district court to represent the State in
this cause. In his only point of error, appellant argues that the appointment of the special
prosecutor was void because appellant's motion to recuse the criminal district attorney was not
filed until after the appointment was made and because the criminal district attorney did not ask
to be recused.

 A trial court is authorized to appoint an attorney pro tem, or special prosecutor,
in any case in which the attorney for the State is disqualified, recuses himself with the court's
permission, is absent, or is otherwise unable to perform the duties of office. Tex. Code Crim.
Proc. Ann. art. 2.07(a), (b-1) (West 1977 & Supp. 1993). This statute does not give a trial court
the authority to remove an elected prosecutor from a case, even for disqualification, and any order
attempting to do so is void. State ex rel. Eidson v. Edwards, 793 S.W.2d 1, 5 (Tex. Crim. App.
1990) (plurality opinion). If the elected prosecutor is disqualified from representing the State in
a particular case, the responsibility for recusal lies with him. Id. at 6. Because Eidson v.
Edwards teaches that a trial court is not authorized to recuse an elected prosecutor on the motion
of the defendant, the timing of appellant's motion to recuse in this cause is irrelevant. (1)
 

 We turn to appellant's alternative argument, that the appointment of the special
prosecutor was void because the elected prosecutor did not recuse himself from this cause or
otherwise request the appointment of a special prosecutor. It is a cardinal rule of appellate
procedure that the appellate court must indulge every presumption in favor of the regularity of the
proceedings in the lower court. McCloud v. State, 527 S.W.2d 885, 887 (Tex. Crim. App.
1975). Where the record is silent, compliance with procedural rules is presumed. Frame v. State,
615 S.W.2d 766, 770 (Tex. Crim. App. 1981). This cause is distinguishable from Eidson v.
Edwards because the criminal district attorney did not oppose the appointment of the special
prosecutor. Moreover, appellant did not voice any objection to the appointment at trial. See Tex.
R. App. P. 52(a). In the absence of a showing to the contrary, we will presume that the district
court's order appointing the special prosecutor was made after the elected prosecutor properly
recused himself from this cause. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: January 27, 1993

[Do Not Publish]
1. In his motion to recuse, appellant contended that the criminal district attorney, before his
election to that office, acquired information relevant to this cause while representing appellant in
another case. A prosecutor's use of confidential information gained during his former
professional relationship with the defendant violates the attorney-client relationship and is unfairly
prejudicial to the defendant. Ex parte Spain, 589 S.W.2d 132, 134 (Tex. Crim. App. 1979); see
Tex. Code Crim. Proc. Ann. art. 2.01 (West Supp. 1993).


 Appellant's motion to recuse was filed on April 18, 1991. The special prosecutor was
appointed on February 4, 1991. We note, however, that the certificate of service reflects that the
recusal motion was served on the criminal district attorney on January 24, and it is obvious that
the motion was presented to the court before it was filed by the clerk.