NO. 07-06-0134-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 31, 2007
_____

JOHN RICHARD SIMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. 99-03-A-2583-CR; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

This appeal challenges the revocation of community supervision based on a motion filed by a prosecutor who previously represented appellant in the same action. Finding no reversible error, we affirm the trial court's judgment.

Appellant John Richard Simons was charged with felony possession of a controlled substance in 1999, in a proceeding conducted in the 64th District Court of Castro County. Attorney James R. Horton was appointed to represent appellant. Appellant pled guilty in July 1999 and was sentenced in accordance with a plea agreement to five years

confinement, suspended for a period of five years, a $1,000 fine, restitution, and reimbursement of costs.

The State filed a motion to revoke appellant's community supervision in January 2000. The motion was dismissed at the State's request in March 2000. The State's second motion to revoke was filed in July 2001 by James R. Horton, by then serving as County and District Attorney for Castro County. It alleged violations of five of the terms and conditions imposed on appellant. Counsel was appointed for appellant, and the motion to revoke was heard in June 2002. Appellant executed a written stipulation of evidence and pled true to violation of four conditions. After appellant pled true, but before the trial court ruled on the motion, the prosecutor informed the court he had represented appellant when the case was originally before the court noting "there would be a conflict there. Unless the defendant has a problem with that conflict - -." Defense counsel represented that appellant "doesn't have a conflict. I have talked with him and his parents and they feel comfortable proceeding here today." In response to the court's question, appellant confirmed it was his desire to proceed. The trial court continued appellant on community supervision, and in May 2003 the payment terms of his community supervision were reworked through an agreed order, also signed by Horton for the State.

The State, again represented by Horton, filed a third motion to revoke in March 2004 alleging violation of three conditions of appellant's community supervision. A capias was issued the same month. The record reflects appellant was arrested on the capias in February 2006 when he was released from custody in Oklahoma. On his request, counsel

2

again was appointed to represent him.[1]  At the March 2006 hearing on the motion, appellant again stipulated to evidence supporting the motion and pled true to each allegation.  The issue of Horton's previous representation of appellant was not raised.  The trial court revoked the community supervision and imposed the original sentence of five years confinement and a $1,000 fine.

Appellant now presents a single point assigning error to prosecution of the motion to revoke by a prosecuting attorney who had previously represented him in the same action.  He asserts the prosecutor's conduct violated article 2.01 of the Code of Criminal Procedure and his due process rights.  He seeks reversal of the revocation order and discharge from community supervision.  Citing article 1.14 of the Code of Criminal Procedure, the State contends any conflict was subject to waiver and appellant waived the complaint.[2]

Appellant relies on *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1 (Tex.Crim.App. 1990) (orig. proceeding), *Ex parte Morgan*, 616 S.W.2d 625 (Tex.Crim.App. 1981) (orig.

---

[1] Appellant's appointed counsel at this 2006 revocation proceeding was not the same lawyer who represented him during the 2002 proceeding.

[2] The State also relies on *In re S.C.*, 790 S.W.2d 766 (Tex.App.–Austin 1990, writ denied), as holding the absence of a showing the prosecutor had received any confidential information harmful to appellant's case and the failure to make a timely objection waives any complaint.  *In re S.C.,* a civil case, is to be distinguished.  In *In re S.C.* the attorney's prior representation was limited, involving one of three juvenile detention hearings in a different case arising from different facts.  The court found the prior matter was not substantially related to the one before the court.  790 S.W.2d at 777.  By contrast, Mr. Horton represented appellant during his plea bargain and subsequent guilty plea in the same case as the current revocation proceeding.

proceeding), and *Ex parte Spain*, 589 S.W.2d 132 (Tex.Crim.App. 1979) (orig. proceeding). In *Morgan* and *Spain*, like here, the same attorneys who represented the defendants at the time they pled guilty and were placed on community supervision subsequently prosecuted motions to revoke the community supervision in the same case.[3] 616 S.W.2d at 626; 589 S.W.2d at 133-34. Both challenges were presented in petitions seeking writs of habeas corpus and the factual recitations in those opinions do not indicate the complaints had been presented to the trial court. The Court of Criminal Appeals granted relief in both cases. In *Spain* the court relied on Article 2.01 of the Code of Criminal Procedure providing the district attorney shall represent the State in all criminal cases "except in cases where he has been, before his election, employed adversely." Tex. Code Crim. Proc. Ann. art. 2.01 (Vernon 2005). It also cited American Bar Association Standards Relating to the Prosecution Function and Defense Function cautioning against the prosecution of former clients. The court condemned the practice, holding that when a district attorney prosecutes a defendant the district attorney "previously represented in the same case, the conflict of interest is obvious" and violates article 2.01 and the defendant's right to due process. 589 S.W.2d at 134.[4] It concluded, "The prosecutor in this case should never have initiated or

---

[3] *See also Ex parte Miller*, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985), overruled on other grounds, *Ex parte Richardson*, 201 S.W.3d 712 (Tex.Crim.App. 2006) (orig. proceeding), holding, in the context of a judge's disqualification, that the proceeding revoking probation is the same case as the proceeding in which probation was imposed.

[4] Federal courts also find that "[D]ue process is violated when an attorney represents a client and then participates in the prosecution of that client with respect to the same matter." *United States v. LaVallee*, 439 F.3d 670, 681 (10th Cir. 2006), quoting *United States v. Schell*, 775 F.2d 559, 566 (4th Cir. 1985). *See also Garrett v. State*, 252 S.W. 527, 529, 94 Tex.Crim. 556 (1922) (op. on rehearing) (quoting predecessor to article 2.01).

participated in the revocation proceedings." *Id.*[5] The holding in *Morgan* was based on the analysis in *Spain*. 616 S.W.2d at 626. Although *Eidson*, a mandamus proceeding, held the trial court exceeded its authority by disqualifying a district attorney and his staff from prosecuting a case,[6] the opinion reaffirmed the holdings of *Morgan* and *Spain* with respect to the rights violations that result from prosecution of a defendant by a prosecutor who previously represented the defendant in the same matter. *Eidson*, 793 S.W.2d at 6-7.

*Spain*'s holding disqualifying the district attorney from prosecuting the same case in which he had represented the defendant has been referred to as a "hard and fast rule of disqualification." Edward L. Wilkinson, Conflicts of Interest in Texas Criminal Cases, 54 Baylor L. Rev. 171, 177 (2002). The Court of Criminal Appeals' opinion in *Johnson v. State*, 169 S.W.3d 223 (Tex.Crim.App. 2005) *cert. denied*, 546 U.S. 1181, 126 S.Ct. 1355, 164 L.Ed.2d 66 (2006), lists among the few situations in which convictions may be overturned even though the trial court has done nothing wrong, that in which "the prosecutor has a conflict of interest requiring recusal." *Id.* at 229, citing *Eidson*, 793 S.W.2d at 6.

---

[5] In addition to the obvious conflict of interest, the court in *Spain* said that prosecution by a district attorney of the defendant previously represented in the same case causes the integrity of the prosecutor's office to suffer. 589 S.W.2d at 134. The State also has an interest in being represented by an attorney who is not burdened by the danger of conflicting obligations.

[6] *But see In re Goodman*, 210 S.W.3d 805 (Tex.App.–Texarkana 2006) (orig. proceeding), finding, under the circumstances presented, the trial court's duty to disqualify the prosecutor enforceable by mandamus.

We turn to the State's waiver argument, which we must evaluate by reference to the classification of rights described in *Marin v. State*, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993), *overruled in part on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). In *Marin*, the court distinguished among "systemic," or absolute, requirements and prohibitions, which cannot be waived or forfeited by the parties; rights which are "waivable" only by express action of a defendant; and those which are "forfeitable," or lost if not requested by the defendant. *Id.* at 279.

The initial question raised is whether the prohibition of prosecution of a defendant by his former lawyer is an absolute prohibition, independent of the defendant's wishes. *See Marin*, 851 S.W.2d at 279 (referring to "requirements and prohibitions which are essentially independent of the litigants' wishes"). The Court of Criminal Appeals has said that the clearest instances of nonwaivable, nonforfeitable systemic requirements are those affecting the court's jurisdiction, both subject matter and personal. *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App. 2004). Since *Marin*, the court has recognized additional absolute requirements. *Saldano v. State*, 70 S.W.3d 873, 888-89 (Tex.Crim.App. 2002) (listing such requirements). While Mr. Horton's initiation and prosecution of the revocation proceeding against appellant raise the issue of his authority to take those actions, they do not raise an issue about the court's jurisdiction to adjudicate the proceeding or about its jurisdiction over appellant. Nor are any of the additional absolute requirements listed in *Saldano* implicated here. We conclude that the district attorney's actions did not contravene a systemic, absolute prohibition under *Marin*'s framework.

At oral argument, appellant's counsel made us aware of the recent opinion of the Texarkana court of appeals in *In re Goodman*, a mandamus proceeding. In a rather thorough discussion of the dangers to a fair trial that attend the prosecution of a defendant by his former attorney, the court found the relator's due process rights were jeopardized under the circumstances present in that case. 210 S.W.3d at 814. *Goodman* does not involve an issue of waiver, however, nor was the characterization of the defendant's rights under *Marin* an issue before the court. The case is not dispositive of the issue before us.

*Marin*'s second category comprises "rights of litigants which must be implemented by the system unless expressly waived." 851 S.W.2d at 279. A litigant is not deemed to have given up such a right unless "he says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Id*. at 280; *see Garcia v. State*, 149 S.W.3d 135, 143 (Tex.Crim.App. 2004) (discussing waiver of category-two *Marin* right). Here, as noted, at the 2002 revocation proceeding, the prosecutor raised the issue of his prior representation of appellant. Although appellant's counsel did not use the term "waive," she told the court she had consulted with her client about the prosecutor's conflict of interest, and that he had agreed to proceed despite the conflict. The court confirmed that was appellant's wish. Nothing in the record of that hearing causes us to doubt that appellant's decision to proceed with the hearing was freely and intelligently made. We agree with the State that appellant there waived his right not to be prosecuted by his former lawyer.[7]

_____

[7] Characterization of appellant's prosecution by his former lawyer as a due process violation does not preclude its waiver. *See, e.g., Ieppert v. State*, 908 S.W.2d 217, 219 (Tex.Crim.App. 1995) (acknowledging that due process rights can be "waived"); *Rogers v. State*, 640 S.W.2d 248, 265 (Tex.Crim.App. 1982) (op. on second motion for reh'g) (lack of objection on due process grounds to failure to hold probation revocation hearing waived error).

The question now becomes whether appellant's waiver was effective only for the 2002 proceeding on the State's second motion to revoke, when his probation was continued, or remained in effect for the State's third motion to revoke. In addressing this question, we find guidance in the Court of Criminal Appeals' opinion in *Mendez*, 138 S.W.3d 334. The appellant there contended the trial court erred by failing to withdraw, *sua sponte*, his guilty plea before the jury when evidence inconsistent with his guilt was presented. His appellate complaint was raised for the first time on appeal. *Id*. at 342. The court analyzed rules relating to a criminal defendant's plea in a jury trial, and found the defendant has a right to plead not guilty that is waivable, under the *Marin* classification. *Id*. at 343. Completing its analysis, the court concluded that once a defendant has made a valid waiver of his right to plead not guilty, "it is appropriate that the defendant be required to take some affirmative action to don the armor again." In the absence of a timely effort by the defendant to withdraw his plea of guilty, the court held, he could not complain on appeal that the trial court failed to do it for him. *Id*. at 350.

As a part of its analysis in *Mendez*, the court noted that the reasons a particular defendant chooses to plead guilty are better known to that defendant than to the trial court. *Id*. Likewise, appellant is in the best position to know his reasons for waiving the prosecutor's conflict of interest in 2002, and to know whether those reasons remained applicable to the later revocation proceeding. Although the proceedings were separated by several years and their outcomes were different, they were alike in their essentials. The grounds alleged in both motions included appellant's commission of a violation of Oklahoma law. In both revocation proceedings, appellant stipulated to the evidence

8

supporting the allegations of Oklahoma law violations and pled true to those allegations, as well as to more technical violations. In the absence of some indication that appellant desired, when the State pursued its third motion to revoke his community supervision, to don again the previously-removed armor protecting him from the prosecutor's conflict of interest, we conclude his earlier waiver remained effective.

We echo here the Court of Criminal Appeals' statement in *Spain*: "The prosecutor in this case should never have initiated or participated in the revocation proceedings." 589 S.W.2d at 134. Finding, however, that the district attorney's doing so did not transgress an absolute prohibition under the applicable law, and that appellant freely waived his objection to the resulting conflict of interest, we overrule appellant's point of error, and affirm the trial court's judgment.

James T. Campbell
Justice

Publish.