BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-07-0065-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 19, 2007


______________________________



ELIZABETH HILL,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 403rd DISTRICT COURT OF TRAVIS COUNTY;



NO. D-1-DC-05-300771; HON. BRENDA P. KENNEDY, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., HANCOCK, J., and BOYD, S.J. (1)

 Elizabeth Hill (appellant) appeals her murder conviction. Appellant's brief was
originally due April 20, 2007. On April 27, 2007, a letter was sent to counsel for appellant
notifying him the brief was overdue and that the brief or response was due May 7, 2007. 
In response, counsel filed an extension motion, which was granted to June 8, 2007, with
the admonition that no further extensions would be granted, and that if the brief was not
filed by that date, the appeal would be abated. To date, no brief or extension motion has
been filed in this Court.

 Consequently, we abate the appeal and remand the cause to the 403rd District
Court of Travis County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant is indigent; 


 2. whether appellant desires to prosecute the appeal; and


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before July 19, 2007. Should additional
time be needed to perform these tasks, the trial court may request same on or before July
19, 2007.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2006). 



mmunity supervision. Citing article 1.14 of the Code of Criminal
Procedure, the State contends any conflict was subject to waiver and appellant waived the
complaint. (2)
 

 Appellant relies on State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex.Crim.App.
1990) (orig. proceeding), Ex parte Morgan, 616 S.W.2d 625 (Tex.Crim.App. 1981) (orig.
proceeding), and Ex parte Spain, 589 S.W.2d 132 (Tex.Crim.App. 1979) (orig. proceeding). 
In Morgan and Spain, like here, the same attorneys who represented the defendants at the
time they pled guilty and were placed on community supervision subsequently prosecuted
motions to revoke the community supervision in the same case. (3) 616 S.W.2d at 626; 589
S.W.2d at 133-34. Both challenges were presented in petitions seeking writs of habeas
corpus and the factual recitations in those opinions do not indicate the complaints had
been presented to the trial court. The Court of Criminal Appeals granted relief in both
cases. In Spain the court relied on Article 2.01 of the Code of Criminal Procedure
providing the district attorney shall represent the State in all criminal cases "except in cases
where he has been, before his election, employed adversely." Tex. Code Crim. Proc. Ann.
art. 2.01 (Vernon 2005). It also cited American Bar Association Standards Relating to the
Prosecution Function and Defense Function cautioning against the prosecution of former
clients. The court condemned the practice, holding that when a district attorney prosecutes
a defendant the district attorney "previously represented in the same case, the conflict of
interest is obvious" and violates article 2.01 and the defendant's right to due process. 589
S.W.2d at 134. (4) It concluded, "The prosecutor in this case should never have initiated or
participated in the revocation proceedings." Id. (5) The holding in Morgan was based on the
analysis in Spain. 616 S.W.2d at 626. Although Eidson, a mandamus proceeding, held
the trial court exceeded its authority by disqualifying a district attorney and his staff from
prosecuting a case, (6) the opinion reaffirmed the holdings of Morgan and Spain with respect
to the rights violations that result from prosecution of a defendant by a prosecutor who
previously represented the defendant in the same matter. Eidson, 793 S.W.2d at 6-7.

 Spain's holding disqualifying the district attorney from prosecuting the same case
in which he had represented the defendant has been referred to as a "hard and fast rule
of disqualification." Edward L. Wilkinson, Conflicts of Interest in Texas Criminal Cases, 54
Baylor L. Rev. 171, 177 (2002). The Court of Criminal Appeals' opinion in Johnson v.
State, 169 S.W.3d 223 (Tex.Crim.App. 2005) cert. denied, 546 U.S. 1181, 126 S.Ct. 1355,
164 L.Ed.2d 66 (2006), lists among the few situations in which convictions may be
overturned even though the trial court has done nothing wrong, that in which "the
prosecutor has a conflict of interest requiring recusal." Id. at 229, citing Eidson, 793
S.W.2d at 6. 

 We turn to the State's waiver argument, which we must evaluate by reference to the
classification of rights described in Marin v. State, 851 S.W.2d 275, 278 (Tex.Crim.App.
1993), overruled in part on other grounds, Cain v. State, 947 S.W.2d 262, 264
(Tex.Crim.App. 1997). In Marin, the court distinguished among "systemic," or absolute,
requirements and prohibitions, which cannot be waived or forfeited by the parties; rights
which are "waivable" only by express action of a defendant; and those which are
"forfeitable," or lost if not requested by the defendant. Id. at 279. 

 The initial question raised is whether the prohibition of prosecution of a defendant
by his former lawyer is an absolute prohibition, independent of the defendant's wishes. 
See Marin, 851 S.W.2d at 279 (referring to "requirements and prohibitions which are
essentially independent of the litigants' wishes"). The Court of Criminal Appeals has said
that the clearest instances of nonwaivable, nonforfeitable systemic requirements are those
affecting the court's jurisdiction, both subject matter and personal. Mendez v. State, 138
S.W.3d 334, 341 (Tex.Crim.App. 2004). Since Marin, the court has recognized additional
absolute requirements. Saldano v. State, 70 S.W.3d 873, 888-89 (Tex.Crim.App. 2002)
(listing such requirements). While Mr. Horton's initiation and prosecution of the revocation
proceeding against appellant raise the issue of his authority to take those actions, they do
not raise an issue about the court's jurisdiction to adjudicate the proceeding or about its
jurisdiction over appellant. Nor are any of the additional absolute requirements listed in
Saldano implicated here. We conclude that the district attorney's actions did not
contravene a systemic, absolute prohibition under Marin's framework.

 At oral argument, appellant's counsel made us aware of the recent opinion of the
Texarkana court of appeals in In re Goodman, a mandamus proceeding. In a rather
thorough discussion of the dangers to a fair trial that attend the prosecution of a defendant
by his former attorney, the court found the relator's due process rights were jeopardized
under the circumstances present in that case. 210 S.W.3d at 814. Goodman does not
involve an issue of waiver, however, nor was the characterization of the defendant's rights
under Marin an issue before the court. The case is not dispositive of the issue before us.

 Marin's second category comprises "rights of litigants which must be implemented
by the system unless expressly waived." 851 S.W.2d at 279. A litigant is not deemed to
have given up such a right unless "he says so plainly, freely, and intelligently, sometimes
in writing and always on the record." Id. at 280; see Garcia v. State, 149 S.W.3d 135, 143
(Tex.Crim.App. 2004) (discussing waiver of category-two Marin right). Here, as noted, at
the 2002 revocation proceeding, the prosecutor raised the issue of his prior representation
of appellant. Although appellant's counsel did not use the term "waive," she told the court
she had consulted with her client about the prosecutor's conflict of interest, and that he had
agreed to proceed despite the conflict. The court confirmed that was appellant's wish. 
Nothing in the record of that hearing causes us to doubt that appellant's decision to
proceed with the hearing was freely and intelligently made. We agree with the State that
appellant there waived his right not to be prosecuted by his former lawyer. (7) 

 The question now becomes whether appellant's waiver was effective only for the
2002 proceeding on the State's second motion to revoke, when his probation was
continued, or remained in effect for the State's third motion to revoke. In addressing this
question, we find guidance in the Court of Criminal Appeals' opinion in Mendez, 138
S.W.3d 334. The appellant there contended the trial court erred by failing to withdraw, sua
sponte, his guilty plea before the jury when evidence inconsistent with his guilt was
presented. His appellate complaint was raised for the first time on appeal. Id. at 342. The
court analyzed rules relating to a criminal defendant's plea in a jury trial, and found the
defendant has a right to plead not guilty that is waivable, under the Marin classification. 
Id. at 343. Completing its analysis, the court concluded that once a defendant has made
a valid waiver of his right to plead not guilty, "it is appropriate that the defendant be
required to take some affirmative action to don the armor again." In the absence of a
timely effort by the defendant to withdraw his plea of guilty, the court held, he could not
complain on appeal that the trial court failed to do it for him. Id. at 350. 

 As a part of its analysis in Mendez, the court noted that the reasons a particular
defendant chooses to plead guilty are better known to that defendant than to the trial court. 
Id. Likewise, appellant is in the best position to know his reasons for waiving the
prosecutor's conflict of interest in 2002, and to know whether those reasons remained
applicable to the later revocation proceeding. Although the proceedings were separated
by several years and their outcomes were different, they were alike in their essentials. The
grounds alleged in both motions included appellant's commission of a violation of
Oklahoma law. In both revocation proceedings, appellant stipulated to the evidence
supporting the allegations of Oklahoma law violations and pled true to those allegations,
as well as to more technical violations. In the absence of some indication that appellant
desired, when the State pursued its third motion to revoke his community supervision, to
don again the previously-removed armor protecting him from the prosecutor's conflict of
interest, we conclude his earlier waiver remained effective. 

 We echo here the Court of Criminal Appeals' statement in Spain: "The prosecutor
in this case should never have initiated or participated in the revocation proceedings." 589
S.W.2d at 134. Finding, however, that the district attorney's doing so did not transgress
an absolute prohibition under the applicable law, and that appellant freely waived his
objection to the resulting conflict of interest, we overrule appellant's point of error, and
affirm the trial court's judgment.

 

 James T. Campbell

 Justice




Publish.


 

 
1. Appellant's appointed counsel at this 2006 revocation proceeding was not the
same lawyer who represented him during the 2002 proceeding. 
2. The State also relies on In re S.C., 790 S.W.2d 766 (Tex.App.-Austin 1990, writ
denied), as holding the absence of a showing the prosecutor had received any confidential
information harmful to appellant's case and the failure to make a timely objection waives
any complaint. In re S.C., a civil case, is to be distinguished. In In re S.C. the attorney's
prior representation was limited, involving one of three juvenile detention hearings in a
different case arising from different facts. The court found the prior matter was not
substantially related to the one before the court. 790 S.W.2d at 777. By contrast, Mr.
Horton represented appellant during his plea bargain and subsequent guilty plea in the
same case as the current revocation proceeding. 

3. See also Ex parte Miller, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985), overruled
on other grounds, Ex parte Richardson, 201 S.W.3d 712 (Tex.Crim.App. 2006) (orig.
proceeding), holding, in the context of a judge's disqualification, that the proceeding
revoking probation is the same case as the proceeding in which probation was imposed. 
4. Federal courts also find that "[D]ue process is violated when an attorney
represents a client and then participates in the prosecution of that client with respect to the
same matter." United States v. LaVallee, 439 F.3d 670, 681 (10th Cir. 2006), quoting
United States v. Schell, 775 F.2d 559, 566 (4th Cir. 1985). See also Garrett v. State, 252
S.W. 527, 529, 94 Tex.Crim. 556 (1922) (op. on rehearing) (quoting predecessor to article
2.01).
5. In addition to the obvious conflict of interest, the court in Spain said that
prosecution by a district attorney of the defendant previously represented in the same case 
causes the integrity of the prosecutor's office to suffer. 589 S.W.2d at 134. The State also
has an interest in being represented by an attorney who is not burdened by the danger of
conflicting obligations. 
6. But see In re Goodman, 210 S.W.3d 805 (Tex.App.-Texarkana 2006) (orig.
proceeding), finding, under the circumstances presented, the trial court's duty to disqualify
the prosecutor enforceable by mandamus.
7. Characterization of appellant's prosecution by his former lawyer as a due process
violation does not preclude its waiver. See, e.g., Ieppert v. State, 908 S.W.2d 217, 219
(Tex.Crim.App. 1995) (acknowledging that due process rights can be "waived"); Rogers v.
State, 640 S.W.2d 248, 265 (Tex.Crim.App. 1982) (op. on second motion for reh'g) (lack
of objection on due process grounds to failure to hold probation revocation hearing waived
error).