

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1065-07

---

**BETH SUZANNE LANDERS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
### LAMAR COUNTY

---

**KELLER, P.J., filed a concurring opinion.**

When the State assures an accused that exercising a certain right will carry no penalty, due process prevents the State from imposing a penalty later on. The constitutional protection at issue in this case is a variant of that due process requirement.

In *Doyle v. Ohio*, the United States Supreme Court held that a prosecutor could not impeach a defendant with his post-arrest, post-*Miranda* silence.[1] The Court held that the *Miranda*[2] warnings

---

[1] 426 U.S. 610, 617-19 (1976).

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

contained the implicit assurance "that silence will carry no penalty."[3]  Similarly, the attorney-client relationship, created by the State and defined in part by the Disciplinary Rules of Professional Conduct, entails certain assurances to a lawyer's clients that the State is not at liberty to violate at a later date.

At issue here are two of those assurances: (1) that an attorney who chooses to represent a client in one case will not switch sides in that case or represent an adverse party in a substantially related case,[4] and (2) that an attorney will not divulge any confidences made to him by his client or use those confidences in a manner adverse to the client.[5]  The "substantially related" portion of the first category has been mingled with the second category in cases from other jurisdictions, in the Court's opinion, and even in the comments to the disciplinary rules,[6] but under *due process*, there are distinctions between the two categories that are important for purposes of appellate analysis.

The "same case" includes any subsequent proceedings in that case, such as a revocation proceeding after probation was imposed[7] or a retrial after reversal on appeal. For due process

---

[3]  *Doyle*, 426 U.S. at 618.  An analogous scenario in the *ex post facto* context was confronted by this Court in *Scott v. State*, 55 S.W.3d 593 (Tex. Crim. App. 2001), where this Court held that the State could not use a successfully completed deferred adjudication for enhancement purposes when, at the time Scott was placed on deferred adjudication, the deferred adjudication statute said that a completed deferred adjudication would not be considered a conviction for the purpose of disqualifications or disabilities imposed by law for a conviction.

[4] T EX. DISC. R. PROF'L CONDUCT 1.09(a)(3).

[5]  *Id.*, 1.05(b)(1), (3).

[6]  *See id.*, 1.09, comment 4B.

[7]  *Ex parte Spain*, 589 S.W.2d 132, 134 (Tex. Crim. App. 1979).

purposes, cases are "substantially related" when they are different causes of action but arise from the same events. A defendant who kills another individual may be sued for wrongful death in a civil action and also prosecuted for murder in a criminal prosecution. Or a defendant may commit several crimes in a single transaction, and the State may choose to try each of those crimes separately. In these situations the defendant has a reasonable expectation that his attorney, if involved in the subsequent proceeding, will remain on his side. A violation of this expectation is treated as an actual conflict of interest, so that "no specific prejudice need be shown by the defendant."[8]

But a case is not substantially related merely because the same type of crime is alleged to be involved. The "substantially related" provision is a broader version of the "same case" provision, not one that is different in kind. And a prior conviction does not become part of a case – or substantially related to it – by virtue of being useable for jurisdictional or enhancement purposes or admissible at the punishment phase of the subsequent prosecution. A defendant's reasonable expectations do not include precluding his attorney from being a prosecutor in a case arising from some new crime yet to be committed, or even from a crime that has already been committed but involves a different incident than the offense on which he is being represented.

That leads me to the second category of assurances. Even when the cases are not the same or substantially related for due process purposes, a defendant may still reasonably expect that his attorney will not use confidential information against him at a later time. A prosecutor who possesses confidential information from a prior case in which he was the defendant's attorney is

---

[8] *Id.*

barred from using that information against the defendant unless the information has become generally known[9] or some other exception to the prohibition against using confidential information applies.[10] The bar to using confidential information does not disqualify the prosecutor from prosecuting the case. The defendant's remedy is to preclude the prosecutor from using the confidential information. And the use of confidential information does not automatically amount to reversible error: the defendant must have suffered prejudice.[11]

The present case is not the same as, or substantially related to, appellant's prior case in which the prosecutor was her defense attorney, so there was no actual conflict of interest resulting in a presumption of prejudice. And the prosecutor did not improperly use confidential information against appellant. Under these circumstances, I would find no due process violation.

Finally, I would refrain from using any language that refers to the "trial court's discretion" to disqualify the prosecutor.[12] This Court has not decided whether a trial court has the power to recuse a prosecutor on the basis of his prior service as defense counsel – even in the same case.[13]

---

[9] Disc. R. 1.05(b)(3).

[10] *Id.*, 1.05(b)(3), (c) - (f).

[11] Whether the prejudice requirement is analyzed as a component of the due process violation or as a separate harm analysis and what standard should be used for determining prejudice are issues that we need not decide in this case.

[12] *See* Court's op. at 12,

[13] *See State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5 (Tex. Crim. App. 1990)(plurality opinion).

Regardless, a properly preserved complaint could become the basis for a reversal on appeal.[14]

Because appellant's due process rights were not violated, we need not address the issue of who had

the authority at trial to accord the remedy appellant sought.

      With these comments, I concur in the Court's judgment.

Delivered: June 18, 2008
Publish

---

[14] *State ex. rel. Young v. Sixth Court of Appeals*, 236 S.W.3d 207, 211 n.15 (Tex. Crim. App. 2007).