

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,040-02

### EX PARTE ALVIN JEROME DAVIS, II., Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS CAUSE NO. 16CR19860A IN THE 123RD DISTRICT COURT FROM SHELBY COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to assault family violence. Applicant was originally placed on deferred adjudication community supervision for a period of five years. Following adjudication, Applicant was sentenced to ten years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because he was not properly admonished on the applicable punishment range, and he was not provided an opportunity to withdraw his original plea upon discovery of the error. Applicant also contends that he was denied due process when one of the prosecutors previously represented him in the same case. Applicant has alleged facts that, if

true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970); *Ex parte Spain*, 589 S.W.2d 132, 134 (Tex. Crim. App. 1979). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel and adjudication counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel was ineffective for failing to correctly advise Applicant as to the proper punishment range, whether adjudication counsel was ineffective for failing to advise Applicant of the possibility of withdrawing his plea, and whether Applicant's plea was involuntary. The trial court shall also make findings of fact and conclusions of law as to whether the prosecutor's prior representation of Applicant violated Applicant's due process rights upon adjudication. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 28, 2022
Do not publish