

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00132-CV

IN RE CARLA LORENE COX                                    RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 14-00439

----------

## OPINION ON REHEARING EN BANC

----------

After the majority of a panel of this court issued an opinion denying Relator Carla Lorene Cox's petition for writ of mandamus, Relator filed a motion for en banc rehearing. We grant Relator's motion for en banc rehearing; withdraw our opinion and judgment dated July 23, 2015; and substitute the following.

# I. INTRODUCTION

Relator filed a petition for writ of mandamus asserting that Respondent, the Honorable Janelle M. Haverkamp, abused her discretion by denying her motion to disqualify the entire Cooke County District Attorney's Office and special prosecutor Cary Piel from prosecuting her for murder. Because Respondent did not abuse her discretion by denying Relator's motion seeking the disqualification of the entire Cooke County District Attorney's Office but did abuse her discretion by denying Relator's motion seeking the disqualification of special prosecutor Cary Piel, we will conditionally grant a writ of mandamus requiring Respondent to sign an order disqualifying Cary Piel.

# II. FACTUAL BACKGROUND

The mandamus record conclusively establishes the following facts:

- In 2011, while employed with the Denton County Criminal District Attorney's Office, prosecutor Cary Piel and a law student named Eric Erlandson, who was interning at the Denton County Criminal District Attorney's Office, began investigating a "cold case" murder that had occurred in 2009 in Cooke County, Texas.

- Cooke County District Attorney Janice Warder authorized Piel to look into the case and to discuss it with investigators.

- Piel and Erlandson worked on the murder case together from 2011 through June 2012 and "went into enormous detail together" about the Carla Cox case. Erlandson testified that he had access to the State's files related to the Carla Cox case during this time.

- After becoming a person of interest in the cold case, Carla Cox hired attorney Lee Tatum to represent her in connection with this case. Cox was indicted for murder on December 12, 2012, and she discharged Tatum on January 31, 2013, and hired her present counsel.

2

- Piel left the Denton County District Attorney's Office in June 2012 and went into private practice as a criminal defense attorney. Piel continued his prosecution of the Carla Cox case. Through 2014, portions of the discovery file in the case remained at Piel's office.

- Erlandson graduated from law school and began working for Lee Tatum in August 2013. Erlandson is currently a partner with Tatum. While working for Tatum—who had represented Relator in this exact murder case—Erlandson discussed Relator's murder case "in general" with Piel, and until February or March 2014, Erlandson expected to try the Carla Cox murder case with Piel. In early 2014, Erlandson told a partner with Relator's present counsel that he was working on the case and was going to prosecute the case with Piel.

- On March 26, 2014, Warder filed a formal appointment of Piel as a special prosecutor in the case.

- Relator subsequently filed the motion to disqualify Piel and the entire Cooke County District Attorney's Office.

### III. THE LAW CONCERNING DISQUALIFICATION

### A. The District Attorney and Her Prosecutors

The standard for disqualification of an elected district attorney and her entire office is different from the standard for disqualification of a special prosecutor. A trial court may not disqualify a district attorney on the basis of a conflict of interest unless that conflict rises to the level of a due-process violation. *Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008) (citing *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994) (orig. proceeding)). A due-process violation occurs only when the defendant can establish "actual prejudice," not just the threat of possible prejudice to her rights. *Id.* Actual prejudice would occur, for example, if the prosecuting attorney had previously represented the defendant in the same matter or in a substantially-related matter

3

and in that representation had obtained confidential information and used it to the defendant's disadvantage. *Id.* at 304–05. A trial court's authority to disqualify a prosecutor comes from the court's duty to protect the accused's constitutional due-process rights, *see, e.g.*, *Ex parte Morgan*, 616 S.W.2d 625, 626 (Tex. Crim. App. 1981) (orig. proceeding), and the statute barring a prosecutor from representing the State in the same matter on which he or she has been previously employed adversely, *see* Tex. Code Crim. Proc. Ann. art. 2.01 (West 2005).

The heightened burden for disqualification of a district attorney is policy driven; unlike a private attorney, a district attorney is an elected official whose office is constitutionally mandated and protected. *Landers*, 256 S.W.3d at 303; *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 6 (Tex. Crim. App. 1990) (orig. proceeding) (plurality op. on reh'g). District attorneys and their prosecutors are subject to the rules of disciplinary conduct, "but they must police themselves at the trial court level because of their status as independent members of the judicial branch of government." *Eidson*, 793 S.W.2d at 6. And because the district attorney is an elected official, "[s]hould h[er] conduct [and the conduct of the prosecutors in her office] create too much appearance of impropriety and public suspicion, [s]he will ultimately answer to the voters." *Id.*

4

## B. Special Prosecutors[1]

A "special prosecutor," though enlisted by a district attorney to help in a particular case, is not part of the district attorney's staff. *Coleman v. State*, 246 S.W.3d 76, 82 (Tex. Crim. App. 2008). Unlike the district attorney and the attorneys employed in the district attorney's office, a special prosecutor is not required to sign the oath of office. *Id.* Commissioning a special prosecutor does not require court approval. *Id.* Additionally, unlike a prosecutor, who is statutorily prohibited from appearing adversely to the State, a private attorney asked to serve as a special prosecutor is under no such prohibition. *See* Tex. Code Crim. Proc. Ann. art. 2.08(a). Unlike a prosecutor in the district attorney's office whose position is constitutionally mandated and protected, the position of a special prosecutor enjoys no such constitutional underpinnings. *Cf. Landers*, 256 S.W.3d at 303. If one private attorney appointed as a special prosecutor is disqualified in a particular case, a district attorney may appoint a different private attorney to serve as a special prosecutor. In short, the policy reasons articulated by the court of criminal appeals to support disqualification of an entire district attorney's office on the basis of a conflict of interest simply do not apply to an attorney in private practice appointed as a special prosecutor in a single case. *Accord id.* at 304. A private attorney appointed as a special prosecutor

---

[1]As pointed out by Relator and the State in this proceeding, a special prosecutor is different from an attorney pro tem. *See* Tex. Code Crim. Proc. Ann. art. 2.08 (West Supp. 2014). This opinion is limited in scope to special prosecutors.

nonetheless remains a private attorney and is disqualifiable on conflict-of-interest grounds that need not rise to the level of a due-process violation.

The Texas Disciplinary Rules of Professional Conduct serve as guidelines for the courts when considering motions to disqualify. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41, 48 (Tex. 1998) (orig. proceeding). Rule 1.09 sets forth the general rules concerning conflicts of interest between a private attorney and a former client. Tex. Disciplinary Rules Prof'l Conduct R. 1.09, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9)). It provides, in pertinent part:

> (a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
>
> . . . .
>
> (3) if it is the same or a substantially related matter.
>
> (b) Except to the extent authorized by Rule 1.10, when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a).

Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a)(3), (b).

The law is well-settled that a private attorney who has previously represented a client will be automatically disqualified from representing another person adverse to the former client in the same matter. *In re Guar. Ins. Servs., Inc.*, 343 S.W.3d 130, 133–34 (Tex. 2011) (orig. proceeding); *In re Columbia Valley Healthcare Sys., LP*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding)

6

(citing *Phoenix Founders, Inc. v. Marshall*, 887 S.W.2d 831, 833 (Tex. 1994) (orig. proceeding)); *Epic Holdings, Inc.*, 985 S.W.2d at 48; *see also* Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a). This is because when an attorney works on a matter, there is an irrebuttable presumption that the attorney obtains confidential information. *Guar. Ins. Servs., Inc.*, 343 S.W.3d at 134; *Columbia Valley Healthcare Sys., LP*, 320 S.W.3d at 824 (citing *Phoenix Founders, Inc.*, 887 S.W.2d at 833); *Epic Holdings, Inc.*, 985 S.W.2d at 48. The attorney's knowledge of client confidences is imputed by law to every other attorney in the firm; an irrebuttable presumption exists that an attorney in a law firm has access to the confidences of the clients and former clients of other attorneys in the firm. *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 131 (Tex. 1996) (orig. proceeding). This irrebuttable presumption also applies when an attorney has worked on a matter and that attorney subsequently moves to a new firm that is representing an opposing party in the ongoing matter; it is presumed that the attorney will share the previously-acquired confidences, requiring imputed disqualification of the new firm. *Columbia Valley Healthcare Sys., LP*, 320 S.W.3d at 824 (citing *Phoenix Founders, Inc.*, 887 S.W.2d at 834; Tex. Disciplinary Rules Prof'l Conduct R. 1.09(b)).

## IV. STANDARD OF REVIEW

A writ of mandamus will issue only to correct a clear abuse of discretion for which the relator lacks an adequate remedy at law. *See, e.g.*, *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex.) (orig. proceeding), *cert. denied*, 133 S. Ct. 167

(2012); *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Olshan Found. Repair Co.*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. When a trial court improperly denies a motion to disqualify opposing counsel, there is not adequate relief by appeal. *In re Basco*, 221 S.W.3d 637, 639 (Tex. 2007) (orig. proceeding).

## V. APPLICATION OF THE LAW TO THE FACTS

### A. COOKE COUNTY DISTRICT ATTORNEY'S OFFICE NOT DISQUALIFIED

At the disqualification hearing, Relator did not establish a conflict of interest in prosecuting her on the part of the Cooke County District Attorney's Office that rises to the level of a due-process violation. *See Landers*, 256 S.W.3d at 304–05. Relator did not establish "actual prejudice," as opposed to merely possible prejudice to her rights if prosecuted by the Cooke County District Attorney's Office. *See id.* (explaining actual prejudice).

Relator instead extrapolates the disqualification of the entire Cooke County District Attorney's Office from her contentions that Piel is disqualified. But different disqualification standards apply to an elected district attorney and her entire office as opposed to private attorneys acting as special prosecutors; thus,

8

proof of the disqualification of Piel does not mean that Relator proved a due-process violation constituting actual prejudice so as to require the disqualification of the entire Cooke County District Attorney's Office. Because Relator failed to prove a due-process violation constituting actual prejudice so as to require the disqualification of the entire Cooke County District Attorney's Office, Respondent did not abuse her discretion by denying Relator's motion seeking such disqualification.

## B. SPECIAL PROSECUTOR CARY PIEL IS DISQUALIFIED

Tatum represented Relator in this exact matter; an irrebuttable presumption exists that Tatum obtained confidential information from Relator during this representation. *See, e.g.*, *Guar. Ins. Servs., Inc.*, 343 S.W.3d at 134. It is undisputed that Tatum, who represented Relator on this murder charge, could not appear adversely to Relator on this matter by prosecuting her on the same murder charge. *See, e.g.*, *Epic Holdings, Inc.*, 985 S.W.2d at 48; *see also* Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a)(3).

The proscription against Tatum's prosecution of Relator extends to Erlandson because, by virtue of Erlandson's position as an associate and now a partner with Tatum, he presumptively became privy to Relator's confidences known by Tatum. *See Nat'l Med. Enters., Inc.*, 924 S.W.2d at 131 (recognizing that "attorney's knowledge [of confidences] is imputed by law to every other attorney in the firm," despite lack of evidence of actual disclosure of confidences); *see also Epic Holdings, Inc.*, 985 S.W.2d at 48 ("Members of a law

9

firm cannot disavow access to confidential information of any one attorney's client."); Tex. Disciplinary Rules Prof'l Conduct R. 1.09(b). Because Tatum would be disqualified from prosecuting Relator, all attorneys with his firm are disqualified. *See Texaco, Inc. v. Garcia*, 891 S.W.2d 255, 257 (Tex. 1995) (orig. proceeding) (explaining that because Mr. Secrest was disqualified, his entire firm was disqualified).

The proscription likewise extends to Piel because, for purposes of rule 1.9 of the disciplinary rules, he became "associated" with Erlandson as co-counsel in the prosecution of Relator's murder case while Erlandson was employed with Tatum. *See In re CMH Homes, Inc.*, No. 04-13-00050-CV, 2013 WL 2446724, at *5 (Tex. App.—San Antonio June 5, 2013, orig. proceeding) (mem. op.) (granting mandamus requiring trial court to disqualify co-counsel—who practiced with a different firm than disqualified attorney—based on violation of rule 1.09(b) because co-counsel "associated" on case with disqualified attorney); *see also* Tex. Disciplinary Rules Prof'l Conduct R. 1.09(b). When Erlandson became a member of Tatum's firm and when Piel "associated" with Tatum's firm by co-counseling with Erlandson in this very case, none of them (Tatum, Erlandson, or Piel) could prosecute Relator for murder if any of them practicing alone would be prohibited from doing so by subsection (a) of rule 1.09, and Tatum is so prohibited.[2] *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a), (b).

---

[2]The illusory distinction drawn by the Dissenting Opinion concerning whether Erlandson's and Piel's conversations about Relator's prosecution were

10

A trial court has no discretion in applying the law to the facts, and consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion. *In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding). Respondent misapplied well-settled law concerning the disqualification of Piel to the undisputed facts presented at the disqualification hearing. Because Relator possesses no adequate remedy at law concerning Respondent's denial of her motion to disqualify Piel, we conditionally grant Relator's petition for writ of mandamus concerning the disqualification of Piel. *See, e.g.*, *Basco*, 221 S.W.3d at 639.

## VI. CONCLUSION

Having determined that Respondent did not abuse her discretion by denying Relator's motion seeking disqualification of the entire Cooke County District Attorney's Office, we deny Relator's petition for writ of mandamus seeking that relief. Having determined that Respondent's denial of Relator's motion seeking the disqualification of Piel to serve as a special prosecutor in Relator's murder prosecution was an abuse of discretion, we conditionally grant Relator's petition for writ of mandamus seeking relief thereon. We are confident that Respondent will promptly withdraw her order denying Relator's motion to

"substantive" or not is meaningless. Our holding that Respondent abused her discretion is founded on the irrebuttable presumptions concerning client confidences triggered under rule 1.09 and the rule's mandatory language, not on the substance of any communications between Erlandson and Piel or on Erlandson's expectations. To the extent the Dissenting Opinion articulates otherwise, it misconstrues our holding.

11

disqualify Piel and will issue an order disqualifying Piel from acting as a special prosecutor in Relator's prosecution. The writ will issue only if Respondent does not.

/s/ Sue Walker<br>
SUE WALKER<br>
JUSTICE

EN BANC

SUDDERTH, J., filed a dissenting opinion in which CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment) joins.

DELIVERED: November 5, 2015