

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00333-CV

IN RE ANIBAR BARRERA, JR.                             RELATOR

----------

## ORIGINAL PROCEEDING
## TRIAL COURT NO. CR23805

----------

## CONCURRING OPINION

----------

The record before this court is disturbing. Failure to disclose important evidence raises grave concerns about the prosecution of this case. The possibility that the prosecutor may be a witness in this case and the possibility that there is additional undisclosed evidence favorable to the defense raise the possibility of a mistrial or reversal on appeal. But these possibilities, without more, do not compel disqualification of the prosecutor or mandamus relief.

Relator contends that the trial court abused its discretion by denying his motion to disqualify the prosecutor because she sits on the board of regents for the college on whose campus the alleged sexual assault occurred and in which both Relator and the complainant were enrolled as students at the time of the alleged offense. Relator argues that the prosecutor's conflicting "private and political interests" compel disqualification.

Legal disqualification refers to the ineligibility to act as the prosecutor in a particular case.[1] A trial court's authority to disqualify a prosecutor stems from the trial court's duty to protect the defendant's constitutional rights to due process as well as from the code of criminal procedure.[2] This court recently held,

> A trial court may not disqualify a district attorney on the basis of a conflict of interest unless that conflict rises to the level of a due-process violation. A due-process violation occurs only when the defendant can establish actual prejudice, not just the threat of possible prejudice to [his] rights. Actual prejudice would occur, for example, if the prosecuting attorney had previously represented the defendant in the same matter or in a substantially-related matter and

---

[1]*In re Thompson*, No. 10-14-00294-CV, 2014 WL 5421196, at *3 (Tex. App.—Waco Oct. 23, 2014, orig. proceeding) (mem. op.); *In re Ligon*, 408 S.W.3d 888, 891 (Tex. App.—Beaumont 2013, orig. proceeding [leave denied]); s*ee Coleman v. State*, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008) ("There are . . . a few instances in which the district attorney is legally disqualified from acting.").

[2]*See In re Cox*, No. 02-15-00132-CV, 2015 WL 6951583, at *2 (Tex. App.—Fort Worth Nov. 5, 2015, orig. proceeding) (reh'g en banc) (citing *Ex parte Morgan*, 616 S.W.2d 625, 626 (Tex. Crim. App. 1981) (orig. proceeding)); *see also* Tex. Code Crim. Proc. Ann. art. 2.01 (West 2005), art. 2.08 (West Supp. 2015).

in that representation had obtained confidential information and used it to the defendant's disadvantage.[3]

A prosecutor who is the complainant in a criminal case or who is the subject of a grand jury inquiry would likewise be disqualified from that case because of actual prejudice—personal interest violating a defendant's rights to due process.[4]

Relator has presented several circumstances raising a clear concern that upon the trial of this case, he may suffer a denial of due process through further discovery violations. But Relator has not shown evidence of actual prejudice based on the prosecutor's roles as prosecutor and as member of the board of regents. In *Donald v. State*,[5] Donald argued that then Dallas District Attorney Henry Wade and his assistants were disqualified from prosecuting Donald for theft by false pretext because Wade was on a bank's board of directors. But in summarily overruling the issue, the Texas Court of Criminal Appeals noted that the record contained no evidence that that particular "bank was in any way connected with the transactions involved in [Donald's] case."[6]

---

[3]*Cox*, 2015 WL 6951583, at *2 (citations and internal quotations omitted).

[4]*See Ligon*, 408 S.W.3d at 895–96 (denying relief to disqualified district attorney when charging instruments named him as complainant); *In re Guerra*, 235 S.W.3d 392, 414–15 (Tex. App.—Corpus Christi 2007, orig. proceeding [mand. denied]) (upholding trial court's appointment of attorney pro tem when grand jury began investigating district attorney), *disapproved of on other grounds by In re Blevins*, No. 12-0636, 2013 WL 5878910, at *2 (Tex. Nov. 1, 2013) (orig. proceeding).

[5]453 S.W.2d 825 (Tex. Crim. App. 1969).

[6]*Id.* at 827.

While this case is admittedly less clear-cut, it too suffers from the absence of evidence. The record before us shows that the prosecutor serves on the board of regents of the college on whose campus the alleged sexual assault occurred and in which Relator and the complainant were enrolled at the time of the alleged offense. Although Relator speaks of an investigation of the college, the record does not reflect that the board of regents is in any way connected with the alleged sexual assault with which Relator is charged. The prosecutor testified that "[n]othing ever came before the board regarding this case."

Because the record as it now stands does not establish actual prejudice, Relator has not met the high standard necessary for showing that the trial court abused its discretion by denying his motion to disqualify the prosecutor. I am therefore compelled to concur in this court's denial of Relator's petition for writ of mandamus.

LEE ANN DAUPHINOT
JUSTICE

DELIVERED: December 30, 2015

4