

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00265-CR

---

IN RE THE STATE OF TEXAS, RELATOR

---

ORIGINAL PROCEEDING

---

December 20, 2018

## OPINION ON REHEARING

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Having previously granted relator's motion for rehearing, *see In re State*, No. 07-18-00265-CV,[1] 2018 Tex. App. LEXIS 8586 (Tex. App.—Amarillo Oct. 18, 2018, orig. proceeding) (Order) (per curiam), we withdraw our opinion and judgment of August 10, 2018, and substitute the following in its place.

On July 25, 2018, relator Christopher Dennis, District Attorney for the 286th Judicial District of Hockley County, filed a petition for writs of mandamus and prohibition in this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2018); TEX. R. APP. P. 52.

---

[1] On December 6, 2018, the Court ordered that this case be reclassified as a criminal case and changed the cause number accordingly.

By his petition, Dennis asks this Court to issue a writ of mandamus ordering the Honorable Pat Phelan, presiding judge of the 286th District Court of Hockley County, to withdraw his July 2 and August 15 orders disqualifying the District Attorney's Office from prosecuting thirteen causes,[2] and a writ of prohibition preventing the trial court from disqualifying the District Attorney's Office in the future absent good cause shown. We conditionally grant Dennis's petition for writ of mandamus and deny Dennis's petition for writ of prohibition.

Background

Dennis and the attorney for the real parties in interest, Christina Woods Duffy, engaged in an apparently contentious exchange relating to Duffy's motion to exclude expert witnesses in an unrelated case in which Dennis represented the State and Duffy represented the defendant. On June 4, 2018, Dennis sent Duffy a text message withdrawing any existing plea offers on all pending cases for which she was the attorney of record. By letters of the same date, Dennis notified Duffy that "[t]here will be no offer at this time" apparently as to two of her pending cases.

Duffy subsequently filed a motion to disqualify the 286th District Attorney's Office in each of the cases in which the plea offers were potentially withdrawn. Shortly after

---

[2] In his petition for writs of mandamus and prohibition, Dennis sought mandamus relief relating to the seven cases on which the trial court disqualified the District Attorney's Office by its July 2 order, and prohibition to prevent the trial court from disqualifying the District Attorney's Office from the six cases that remained pending. Soon after this Court issued its denial of Dennis's petition, the trial court issued its August 15 order disqualifying the District Attorney's Office from those remaining six cases. By his motion for rehearing, Dennis prays that this Court issue writ of mandamus ordering the trial court to withdraw its July 2 and August 15 orders disqualifying the District Attorney's Office from prosecuting all thirteen causes, and a writ of prohibition preventing the trial court from disqualifying the District Attorney's Office in the future absent good cause shown. Because Dennis's petition addressed the possibility that the trial court would disqualify the District Attorney's Office in the six cases that were then pending and because Dennis's motion for rehearing requests mandamus relief as to orders in all thirteen cases, we will deem the petition to request mandamus relief as to all thirteen cases addressed in the petition in which Dennis and the District Attorney's Office have been disqualified.

holding a hearing on Duffy's motion to disqualify, Judge Phelan issued an order declaring the District Attorney's Office disqualified and appointing a special prosecutor in seven of the cases. Judge Phelan did not rule on the motions to disqualify filed in six other cases. On August 15, Judge Phelan heard argument in these remaining cases and, after hearing arguments, granted these motions.

In response to these disqualification orders, Dennis filed his petition for writs of mandamus and prohibition. On August 10, this Court issued our opinion denying Dennis's petition on the basis that he failed to meet his burden to show that he was entitled to relief because he did not comply with the documentation requirements identified in Texas Rules of Appellate Procedure 52.3 and 52.7. *See In re Tex.*, No. 07-18-00265-CV, 2018 Tex. App. LEXIS 6315 (Tex. App.—Amarillo Aug. 10, 2018, orig. proceeding). On August 25, Dennis filed the instant motion for rehearing, which, when coupled with the petition, complies with the requirements applicable to Dennis's requests for mandamus and prohibition relief. We requested a response from Duffy, which she filed on September 6.

Law and Analysis

In criminal cases, "mandamus relief is appropriate only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision." *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015).

The State's right to appeal is limited by statute and does not include the right to appeal a pretrial order disqualifying the elected district attorney. *See* Tex. Code Crim. Proc. Ann. art. 44.01 (West 2018). As such, we agree with Dennis that the State's

3

statutory right to appeal is an inadequate remedy and, therefore, it is appropriate for him to seek mandamus relief. *In re State ex rel. Warren*, No. 02-17-00285-CV, 2017 Tex. App. LEXIS 8663, at *4-5 (Tex. App.—Fort Worth Sept. 12, 2017, orig. proceeding) (citing *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648-49 (Tex. Crim. App. 2005) (orig. proceeding)).

To meet his burden to establish entitlement to mandamus relief, Dennis must show that the trial court had a ministerial duty to deny Duffy's motions to disqualify. Stated another way, for the trial court to have a ministerial duty, denial of the motions to disqualify Dennis and the 286th District Attorney's Office in these cases must have been the "one rational decision" that the trial court could have made "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *In re Simon*, No. 03-16-00090-CV, 2016 Tex. App. LEXIS 6562, at *15 (Tex. App.—Austin 2016, orig. proceeding) (quoting *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding)). However, "it is not well-settled that the district court had the authority to disqualify the District Attorney under these circumstances." *Id.*

"A trial court has limited authority to disqualify an elected district attorney and [his] staff from the prosecution of a criminal case." *Buntion v. State*, 482 S.W.3d 58, 76 (Tex. Crim. App. 2016). "The office of a district attorney is constitutionally created and protected; thus, the district attorney's authority 'cannot be abridged or taken away.'" *Id.* (quoting *Landers v. State*, 256 S.W.3d 295, 303-04 (Tex. Crim. App. 2008)). The district attorney "shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election,

4

employed adversely." TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005). Even with this express basis for disqualification, it has been held that a trial court's authority to disqualify a district attorney in a particular case requires proof that the district attorney has a conflict of interest that rises to the level of a due process violation. *Landers*, 256 S.W.3d at 304; *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994). A due process violation arises as a matter of law when a prosecuting attorney has formerly represented the defendant in the same criminal matter as that currently being prosecuted. *Landers*, 256 S.W.3d at 304. A due process violation may arise if a prosecuting attorney has previously represented the defendant in a different matter but only if the defendant can prove that he would be actually prejudiced by the prosecutor's prior representation. *Id.* at 304-05. Actual prejudice requires proof that the prosecutor has previously personally represented the defendant in a substantially related matter, and that he obtained confidential information by virtue of that representation which may be used to the defendant's disadvantage. *Id.* at 305. In most instances, to establish a conflict of interest that rises to the level of a due process violation, the district attorney must be shown to have previously represented the defendant in the current case.[3] *In re Simon*, 2016 Tex. App. LEXIS 6562, at *17; *see Buntion*, 482 S.W.3d at 77 ("Appellant has not alleged, and we have not found, that any actual conflict existed. District Attorney Lykos did not previously represent appellant, nor did any of her staff. Thus, appellant fails to show any conflict which this Court has previously found as grounds for disqualification."). However,

---

[3] We do note that district attorneys are statutorily disqualified from representation that is adverse to the State and where the district attorney is the subject of a criminal investigation by a law enforcement agency that is based on credible evidence of criminal misconduct that is within the attorney's authority to prosecute. *See* TEX. CODE CRIM. PROC. ANN. art. 2.08 (West Supp. 2018). Neither of these exceptions apply in the present case.

some limited instances have been identified where a district attorney could be deemed to have a conflict of interest rising to the level of a due process violation due to a substantial connection to a case that did not arise from prior representation. *See In re Ligon*, 408 S.W.3d 888, 896 (Tex. App.—Beaumont 2013, orig. proceeding) (citing potential conflicts of interest arising from having a financial interest in the prosecution, being a material fact witness, or being the alleged victim of the charged crime).

In the present case, Dennis attested that he has never represented any of the defendants for which disqualification was sought and granted. He also made like statements under oath and in open court. Further, no assertion has been raised that Dennis has a financial stake in the prosecution of any of the defendants, is a material fact witness in any of the cases for which disqualification is being sought,[4] or is the victim of any of the crimes alleged in these cases. As such, we cannot conclude that a conflict of interest exists between Dennis and any of the defendants for whom disqualification has been sought. Consequently, Judge Phelan's order of disqualification violated well-settled legal principles, and Dennis has shown a clear right to mandamus relief.[5]

---

[4] We note that Woods advanced an argument at the August 15 hearing on the motions to disqualify Dennis that his actions have made him a witness in these cases. However, no further explanation of that contention was provided. We fail to see how any of Dennis's actions relating to the withdrawal of plea offers would make him a material fact witness in any of the cases for which his disqualification is sought.

[5] We acknowledge that this Court held, in *State ex rel. Sherrod v. Carey*, 790 S.W.2d 705, 709 (Tex. App.—Amarillo 1990, orig. proceeding), that disqualification of a district attorney's office and appointment of a special prosecutor are matters within the discretion of the trial court and, therefore, not appropriate for mandamus relief. However, *Carey* involved an attorney that had represented the juvenile defendant in the same case prior to being hired as a prosecutor. *Id.* at 707. As such, the *Carey* case involved the trial court's discretionary decision regarding whether the prosecutor's prior adverse employment was sufficient to disqualify the district attorney's office. By contrast, there is no discretion in the present case since the law does not authorize the trial court to disqualify a prosecutor on a basis other than prior representation or other specific bases not applicable here. *In re Simon*, 2016 Tex. App. LEXIS 6562, at *17; *In re Ligon*, 408 S.W.3d at 896.

Further, even when we look beyond the lack of a disqualifying conflict of interest, we conclude that Duffy has not proven that any of the defendants in this case have had their due process rights violated. Duffy has not presented evidence that any of the defendants had pending plea offers that were withdrawn by Dennis's June 4 text.[6] However, evidence was presented that Dennis never intended any withdrawal of plea offers to be permanent. In fact, his intent was proven by his making of a plea offer to one of Duffy's clients on July 24.[7] We cannot conclude that the temporary withdrawal of plea bargain offers, even if the withdrawal is based on the identity of the attorney, constitutes a conflict of interest that rises to the level of a due process violation. Certainly, our conclusion might be different had Duffy proven that Dennis had taken action consistent with the permanent withdrawal of plea bargain offers to all of her clients. But, such is not what is shown by the evidence in this case.

What Duffy invites us to do is to conclude that the temporary withdrawal of plea bargain offers coupled with some alleged ill-will between the district attorney and defense counsel constitutes a conflict of interest that rises to the level of a due process violation. But, such a position is inconsistent with the case law addressing disqualification of the district attorney based on claims of personal animus. *See In re State ex rel. Warren*, 2017 Tex. App. LEXIS 8663, at *5-6 (Tex. App.—Fort Worth Sept. 12, 2017, orig. proceeding) (mem. op.) (no conflict of interest rising to level of due process violation when DA

---

[6] Dennis acknowledged at the July 2 hearing on Duffy's motions to disqualify that some offers were withdrawn in cases "in which offers have been pending for months and not taken." While this is some proof that there were offers withdrawn by Dennis's text, it does not show how many offers were withdrawn nor which defendants were adversely affected.

[7] Duffy acknowledged, under oath, that "in at least one of my cases, Amethyst Snead's case, that [Dennis] made a plea offer to her on July 24th . . . ." Duffy's use of the words "at least" implies that Dennis may have made subsequent plea bargain offers in other cases for which disqualification has been sought.

threatened defendant's wife that, if defendant does not accept fifteen-year offer, he would seek fifty-year sentence at trial); *Fluellen v. State*, 104 S.W.3d 152, 161 (Tex. App.—Texarkana 2003, no pet.) (DA and defendant that had been involved in an altercation where words were exchanged at the time defendant was arrested for the charged offense is not a conflict of interest rising to the level of a due process violation); *Hanley v. State*, 921 S.W.2d 904, 909-10 (Tex. App.—Waco 1996, pet. ref'd) (defendant that had filed grievances against ADA prosecuting his case insufficient to prove conflict of interest rising to level of due process violation); *State ex rel. Hilbig v. McDonald*, 877 S.W.2d 469, 471-72 (Tex. App.—San Antonio 1994, orig. proceeding) (mere allegations of wrongdoing by the DA insufficient to justify disqualification). To conclude that Dennis has a conflict of interest that rises to the level of a due process violation requires this Court to speculate about actions Dennis might have taken but that were not proven, such as the permanent withdrawal of all plea offers to clients of Duffy. *See Ex parte Reposa*, No. AP-75,965, 2009 Tex. Crim. App. Unpub. LEXIS 725, at *32 (Tex. Crim. App. 2009) (orig. proceeding) ("None of the anecdotal evidence the applicant has presented establishes bias that rises to the level of a due-process violation."). If this Court is willing to speculate as to evidence that was not presented as justifying the trial court's disqualification of an elected district attorney from prosecuting a defendant, we will thrust trial courts into the position of being arbiters of whether district attorneys have taken any adverse action in cases on the basis of every personal conflict, whether substantial or petty, that may arise between these adversaries. This, we are unwilling to do.

The nature of plea bargains is such that we do not conclude that Dennis violated these defendants' due process rights by either withdrawing or failing to make plea bargain

offers. A defendant has no right to demand the State offer or enter into a plea bargain agreement. *Stamper v. State*, Nos. 05-92-02253-CR, 05-92-02254-CR, 1995 Tex. App. LEXIS 2621, at *3 (Tex. App.—Dallas Oct. 30, 1995, no writ) (citing *Thompson v. State*, 691 S.W.2d 627, 635-36 (Tex. Crim. App. 1984), and *DeRusse v. State*, 579 S.W.2d 224, 236 (Tex. Crim. App. 1979)). Because Dennis was under no obligation to make plea bargain offers to any of the defendants represented by Duffy, we cannot conclude that the temporary withdrawal of plea bargain offers occurring in this case constitutes a due process violation that would justify disqualification of Dennis and the 286th District Attorney's Office.

In addition, Duffy cites an ex parte e-mail sent by Dennis to the trial court and alleged misrepresentations made by Dennis to the trial court and this Court as evidence of unethical behavior that should serve to disqualify Dennis from prosecuting these defendants. While these actions may constitute violations of the rules of professional conduct, they are not sufficient to establish a proper basis for disqualification of the elected district attorney. *Landers v. State*, 256 S.W.3d 295, 306 & n.35 (Tex. Crim. App. 2008) (citing *Eidson v. Edwards*, 793 S.W.2d 1, 6-7 (Tex. Crim. App. 1990) (orig. proceeding) (op. on rehearing), and *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 213 (Tex. Crim. App. 2007) (orig. proceeding)). Such violations of disciplinary rules do not disqualify the district attorney and are properly dealt with by the State Bar or through subsequent elections. *Id.* at 306 n.35.

Conclusion

The office of district attorney is constitutionally created and protected, and its authority cannot be abridged or taken away absent statutory or judicial authority to do so. By removing Dennis, the elected district attorney, and the entire 286th District Attorney's Office on a basis not authorized by law, Judge Phelan violated clearly controlling legal principles. Accordingly, we conditionally grant mandamus relief and direct Judge Phelan to vacate his July 2 and August 15 orders granting defendants' motions to disqualify Dennis and the 286th District Attorney's Office and appointing the Hockley County Attorney as special prosecutor. *See* TEX. R. APP. P. 52.8(c). Being confident that, in the face of this opinion, the trial court will not disqualify Dennis or the 286th District Attorney's Office from prosecuting future cases without good cause having been shown, we deny Dennis's petition for writ of prohibition. *See id.* at 52.8(a). Our writ of mandamus will issue only if the respondent fails to comply with the directive of this Court.

Judy C. Parker
Justice


Publish.

Quinn, C.J., concurring.
Pirtle, J., concurring and dissenting.

10