

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00171-CR

CABIEN KESHANE TYESKIE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 50975-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

After an employee of White Oak Food identified Cabien Keshane Tyeskie as the person who robbed the store while carrying a deadly weapon, a Gregg County jury found Tyeskie guilty of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03. Pursuant to the jury's assessment, the trial court sentenced Tyeskie to thirty years' imprisonment and imposed a $7,500.00 fine. On appeal, Tyeskie argues that the trial court had a sua sponte duty to inquire about whether there was a conflict of interest between Tyeskie and his counsel, who had been recently elected to be the next Gregg County District Attorney. Tyeskie also argues that testimony given by an officer about an extraneous offense required a mistrial.

We find that Tyeskie failed to preserve any complaint about a possible conflict of interest and that the trial court had no sua sponte duty to inquire about one. We also find that the trial court, which instructed the jury to disregard the officer's comment, did not abuse its discretion in denying Tyeskie's motion for a mistrial. As a result, we affirm the trial court's judgment.

## I.      Tyeskie Failed to Preserve Any Complaint About a Possible Conflict, and the Trial Court Had No Sua Sponte Duty to Inquire About One

Tyeskie was represented at his May 16, 2022, trial by John Moore, who informed the jury, "I'm the DA elect. I'm the one that's going to be sitting in this chair come 2023." On appeal, Tyeskie claims that he had a conflict of interest with his counsel even though Moore was not yet the district attorney. Even so, he fails to specify any actual conflict.

Tyeskie's generalized conflict-of-interest argument is subject to the rules of error preservation. *See Shamim v. State*, 443 S.W.3d 316, 325 (Tex. App.—Houston [1st Dist.] 2014, pet ref'd). "As a prerequisite to presenting a complaint for appellate review, the record must

show that" it "was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a). The record shows that Tyeskie failed to lodge any objection or request in the trial court relating to withdrawal or waiver.[1]

Also, "[a] trial court may not disqualify a district attorney on the basis of a conflict of interest unless that conflict rises to the level of a due-process violation." *In re Cox*, 481 S.W.3d 289, 293 (Tex. App.—Fort Worth 2015, orig. proceeding) (en banc) (citing *Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008) (citing *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994) (orig. proceeding))). "A due-process violation occurs only when the defendant can establish 'actual prejudice,' not just the threat of possible prejudice to [his] rights."[2] *Id.* (quoting *Landers*, 256 S.W.3d at 304). A review of Tyeskie's brief demonstrates that he is not raising any claim of actual prejudice.

We further reject Tyeskie's claim that the trial court had a sua sponte duty to inquire about any possible conflict of interest, especially since Tyeskie's counsel was not yet the district attorney. That is because the law specifies that, "[i]f there is a conflict of interest on the part of the district attorney or his assistants . . . the responsibility of recusal lies with them—not the trial

---

[1]The cases cited by Tyeskie in support of his point of error involve situations where the alleged conflict of interest was clearly preserved at trial. *See Holloway v. Arkansas*, 435 U.S. 475, 477 (1978); *Atley v. Ault*, 191 F.3d 865, 871 (8th Cir. 1999); *Ramirez v. State*, 13 S.W.3d 482, 486 (Tex. App.—Corpus Christi–Edinburg 2000, pet. dism'd).

[2]According to *Landers*, "[a]ctual prejudice" occurs if "[t]he prosecuting attorney has previously personally represented the defendant in 'a substantially related matter' and "[t]he prosecuting attorney obtained 'confidential' information by virtue of that prior representation which was used to the defendant's disadvantage." *Landers v. State*, 256 S.W.3d 295, 305 (Tex. Crim. App. 2008).

3

court." *Fluellen v. State*, 104 S.W.3d 152, 161 (Tex. App.—Texarkana 2003, no pet.) (citing *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 6 (Tex. Crim. App. 1990) (orig. proceeding)).

Ultimately, Tyeskie's claim fits within the familiar *Strickland* analysis: "[i]neffective assistance of counsel may result from an attorney's conflict of interest." *Routier v. State*, 112 S.W.3d 554, 581 (Tex. Crim. App. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984)). Under that standard, "[i]n the absence of an objection, the defendant is required to show that an actual conflict of interest existed that adversely affected the representation." *Id.* at 585. Even when a defendant asserts on appeal that the trial court "should have been aware of the conflict," *id.* at 581, the defendant is still "required to show that an actual conflict of interest existed that adversely affected the representation," *id.* at 585. For reasons cited above, it is not an actual conflict as a matter of law that Tyeskie's counsel was the district attorney-elect.

Therefore, under *Routier* and *Strickland*, Tyskie bore the burden in this appeal to show that there was an actual conflict that caused him harm. *Id.* at 581, 585. The first prong, actual conflict, may be established by a record that demonstrates that "counsel had to forego an effective strategy" due to an interest adverse to the defendant or that "a strategy backfired" due to the attorney's conflict of interest. *Id.* at 585. "We have said that '[a]n "actual conflict of interest" exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client." *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014) (alteration in original) (quoting *Acosta v. State*, 233 S.W.3d 349, 355 (Tex. Crim. App. 2007)). For a conflict to be "actual,"

then, there must be some measure of harm to the client,[3] and the harm must be "due to" the asserted conflict.[4] To establish the second prong, "adversely affected the representation," the measure of harm is well-defined: enough to change the outcome of the case. *Routier*, 112 S.W.3d at 585; *see Strickland v. Washington*, 466 U.S. 668, 694 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In his brief, Tyeskie concedes that "the question [of harm] has not been factually developed." Tyeskie asserts that "the matter should be remanded for findings of fact." By asking for remand for a hearing in the trial court, Tyeskie does not attempt to carry his *Routier/Strickland* burden in this Court. We find that, on the facts of this case, the trial court had no sua sponte duty to inquire into the now-alleged conflict of interest. We further find that Tyeskie has failed to carry the burden placed on those appealing on grounds of ineffective assistance of counsel. As a result, we overrule Tyeskie's first point of error.

## II. The Trial Court Did Not Abuse Its Discretion in Overruling the Motion for Mistrial

In his second point of error, Tyeskie argues that the trial court should have granted his motion for a mistrial based on an officer's volunteered statement about a prior offense.

### A. Standard of Review

We review the trial court's denial of a motion for mistrial for abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A trial court abuses its discretion

---

[3]*Odelugo*, 443 S.W.3d at 136 ("to the detriment of [the] client" (citation omitted)).

[4]*Routier*, 112 S.W.3d at 585.

5

when its decision falls outside the zone of reasonable disagreement, that is, when the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016) (plurality op.) (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)). A mistrial is an extreme remedy, to be sparingly used "for a narrow class of highly prejudicial and incurable errors" committed during the trial process. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018). "Therefore, a mistrial should be granted only in cases where the 'reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds.'" *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (per curiam) (quoting *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)).

### B. Factual Background

Ferris Ellis, an investigator with the White Oak Police Department, testified about his investigation leading to Tyeskie's arrest. During his direct examination, the State asked, "Did you, through that conversation, determine that he had actually lived in White Oak previously?" In response, after answering that Tyeskie had lived in White Oak, Ellis volunteered that Tyeskie "had a deadly conduct charge at one time." Tyeskie moved for a mistrial, but the State asked instead for the trial court to instruct the jury to disregard Ellis's statement about the extraneous offense.

6

The trial court denied the motion for a mistrial but provided the following instruction to the jury: "Ladies and gentlemen, I'm going to instruct you to disregard the last answer by the officer. Give it no weight whatsoever. I will also order that answer be stricken from the record."

## C.     Analysis

"A witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard." *Id.* "Thus, a trial court must grant a mistrial only when an improper question or answer is 'clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.'" *McBurnett v. State*, 629 S.W.3d 660, 663 (Tex. App.—Fort Worth 2021, pet. ref'd) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)).

Ellis's answer was nonresponsive to the State's question, and nothing shows that it was clearly calculated to inflame the minds of the jury. Rather, Ellis's inadvertent reference to Tyeskie's extraneous offense falls into the category of errors promptly curable by an instruction to disregard.[5] *See Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) ("We find the uninvited and unembellished reference to appellant's prior incarceration—although inadmissible—was no[t] so inflammatory as to undermine the efficacy of the trial court's instruction to disregard."); *Smith v. State*, 491 S.W.3d 864, 873 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see also Slimp v. State*, No. 06-23-00023-CR, 2023 WL 5338198, at *4 (Tex. App.—Texarkana Aug. 21, 2023, pet. ref'd) (mem. op., not designated for publication).

---

[5]Also, Ellis said that Tyeskie had a deadly conduct charge *at one time*, which implied that he no longer had such a charge.

7

"[W]e presume that the jury followed the trial court's instruction" to disregard Ellis's statement and, as a result, find that the trial court did not abuse its discretion by overruling Tyeskie's motion for a mistrial. *Wells v. State*, 558 S.W.3d 661, 670 (Tex. App.—Fort Worth 2017, pet. ref'd); *see Smith*, 491 S.W.3d at 873. Accordingly, we overrule Tyeskie's last point of error.

## III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    April 26, 2024
Date Decided:    May 3, 2024

Do Not Publish