# Court of Appeals
## Tenth Appellate District of Texas

10-25-00181-CR

In re The State of Texas, Ex Rel. Lindy Beaty

Original Proceeding

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Relator, the State of Texas on behalf of Lindy Beaty, the elected County & District Attorney of Ellis County, petitions this Court to order Respondent, the Honorable Dan L. Wyde, Senior Judge, sitting by assignment, to withdraw his Order on Defendant's Motion for the District Attorney to Disqualify or Recuse Her Office, signed on May 16, 2025, which grants the Defendant's Motion for the District Attorney to Disqualify or Recuse Herself filed by Real Party in Interest, Juan Manuel Cuellar, Jr. We conditionally grant the State's petition.

### BACKGROUND

Prior to her election, Beaty worked in private practice in Ellis County. She worked with Ricky Sipes as part of Sipes & Beaty, PLLC. After her

election, she employed Sipes as her First Assistant County & District Attorney. While he was in private practice, Sipes was appointed to represent Cuellar for a criminal charge. Sipes withdrew from all outstanding court-appointed cases in October of 2024, and Beaty & Sipes PLLC ceased operation on October 31, 2024. Beaty took office on January 1, 2025.

Cuellar filed a motion to disqualify the entire District Attorney's office from prosecuting his case on February 11, 2025, arguing that because Sipes and Beaty worked together, she was disqualified due to Sipes' representation of Cuellar. In response to Cuellar's motion, the State agreed that Sipes was disqualified and stated it would wall him off from any participation in the case. The State argued, however, that Beaty did not represent Cuellar, and accordingly, neither she nor the remainder of her office was disqualified.

MANDAMUS RELIEF

To be entitled to mandamus relief, the record must establish that (1) the relator has no adequate remedy at law and (2) what the relator seeks to compel is a ministerial act, not an act involving a discretionary judicial decision. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020). The issue here is not whether the State has an adequate remedy at law regarding the trial court's order of disqualification. It does not. *See* TEX. CODE CRIM. PROC. art 44.01; *In re State*, 572 S.W.3d 264, 268 (Tex. App.—Amarillo 2018, no pet.). Rather, the issue is whether the State satisfied the ministerial act prong. A relator may

satisfy this prong by establishing that the relator has a clear right to the relief sought under law that is definite and unambiguous, and that "unquestionably applies to the indisputable facts of the case." *In re State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 644 (Tex. Crim. App. 2018) (quoting *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)). Further, if a trial court enters an order for which it has no authority, mandamus will also issue. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021).

**DISQUALIFICATION**

The law regarding the disqualification of a district attorney and her staff is clear.

A trial court has limited authority to disqualify an elected district attorney and her staff from the prosecution of a criminal case. *Buntion v. State*, 482 S.W.3d 58, 76 (Tex. Crim. App. 2016). The office of a district attorney is constitutionally created and protected; thus, the district attorney's authority "cannot be abridged or taken away" lightly. *Id.* (quoting *Landers v. State*, 256 S.W.3d 295, 303-04 (Tex. Crim. App. 2008)); *Neville v. State*, 622 S.W.3d 99, 102 (Tex. App.—Waco 2020, no pet.).

Pursuant to the Code of Criminal Procedure and case authority, a district attorney "shall represent the State in all criminal cases" except when a district attorney's employment prior to election would be adverse to the

prosecution of a particular case, *i.e.* a conflict of interest. *See* TEX. CODE CRIM. PROC. arts. 2A.102(a), 2A.105(a); *Buntion*, 482 S.W.3d at 76; *Neville*, 622 S.W.3d at 102. Consequently, a trial court may not disqualify a district attorney on the basis of a conflict of interest unless that conflict rises to the level of a due-process violation. *Landers*, 256 S.W.3d at 304 (citing *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994)); *In re Cox*, 481 S.W.3d 289, 293 (Tex. App.—Fort Worth 2015, orig. proceeding).

When a conflict claim does not involve prior representation of the defendant by the district attorney in the same criminal matter, as is the case here, a due-process violation occurs only when the defendant can establish "actual prejudice," not just the threat of possible prejudice to the defendant's rights. *Landers*, 256 S.W.3d at 304-305. Mere allegations of wrongdoing will not suffice. *See State ex rel. Hilbig v. McDonald*, 877 S.W.2d 469, 471-72 (Tex. App.—San Antonio 1994, orig. proceeding). Further, a district attorney may be disqualified *only* for a violation of the defendant's due-process rights and *not* for violations of the disciplinary rules of professional conduct alone. *Landers*, 256 S.W.3d at 310 (emphasis added). *See also In re Meza*, 611 S.W.3d 383, 393, 395 (Tex. Crim. App. 2020); *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 213 (Tex. Crim. App. 2007).

No testimony was taken at the hearing on the motion to disqualify. Cuellar argued at the hearing that Beaty and Sipes were law partners "under

one roof, [who] shared mutual staff, and . . . shared computer networks, a filing system that the discovery, any kind of attorney notes[,] would have been readily and easily available to . . . Ms. Beaty." He also argued that, based on personal experience with law firms generally, "there are conversations about cases that happen haphazardly in the hallway" and that even though Beaty asserted she did not recall his case being discussed, "it just doesn't quell my client's fears that the privileged information that he shared with his attorney, Mr. Sipes, would not in some way be used against him."

With these arguments, Cuellar did not establish "actual prejudice" that rises to the level of a due-process violation. He showed only a threat of *possible* prejudice which does not rise to the level of actual prejudice required for a due-process violation.

Additionally, Cuellar urged the trial court to use the disciplinary rules of professional conduct to disqualify Beaty, and thus her entire office, relying primarily on the Fort Worth Court of Appeals' opinion in *In re Cox*, 481 S.W.3d 289, 293 (Tex. App.—Fort Worth 2015, orig. proceeding). However, Cuellar's reliance, on *Cox* is misplaced. Cuellar quoted a passage from *Cox* to the trial court and to this Court to support his position that disqualification may occur due to a violation of the disciplinary rules of professional conduct. However, that particular passage does not pertain to the disqualification of an elected district attorney. The *Cox* opinion held that the district attorney in that case

could not be disqualified. *Id.* at 295. Rather, the passage relied on by Cueller pertains to the disqualification of a s*pecial prosecutor*, not the district attorney. The standard for disqualification of a special prosecutor is different from the standard for disqualification of an elected district attorney and her entire office. *Id.* at 293. And even if the passage concerned the disqualification of a district attorney, the Court of Criminal Appeals has said that the trial court cannot disqualify a district attorney on the disciplinary rules of professional conduct alone. *See In re Meza*, 611 S.W.3d 383, 393, 395 (Tex. Crim. App. 2020); *Landers v. State*, 256 S.W.3d 295, 310 (Tex. Crim. App. 2008); *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 213 (Tex. Crim. App. 2007). Thus, the trial court could not grant Cuellar's motion to disqualify due to a violation, if any, of the disciplinary rules of professional conduct.

**CONCLUSION**

Because the law on disqualification is settled, and because Cuellar did not establish actual prejudice which rises to the level of a due process violation, the trial court had no authority to disqualify Beaty, and thus her entire office, from representing the State in the case against Cuellar. Further, the trial court had no authority to grant Cuellar's motion to disqualify on the basis of a disciplinary rules of professional conduct violation alone. Thus, the record established the violation of a ministerial act by the trial court in granting

Cuellar's motion to disqualify Beaty and her office.

Accordingly, we conditionally grant the State's Petition for Writ of Mandamus and direct Respondent, the Honorable Dan L. Wyde, Senior Judge, sitting by assignment, to promptly withdraw the Order on Defendant's Motion for the District Attorney to Disqualify or Recuse Her Office, signed on May 16, 2025. The writ will issue only if Respondent fails to comply with the relief ordered within 14 days from the date of this opinion.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED: July 31, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Writ conditionally granted
Do Not Publish
OT06

