**Opinion issued December 11, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00743-CV

_____

## IN RE TARA THOMAS, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### OPINION CONCURRING IN THE DENIAL OF EN BANC RECONSIDERATION

I concur with the denial of the motion for en banc reconsideration in this mandamus proceeding but write separately to highlight a gap in our appellate rules and offer a possible solution to fix it.

Six of the fifteen courts of appeals in Texas have three justices. That means their decisions in every appeal and original proceeding are necessarily made en

banc.[1]  For the other nine courts of appeals things are different.  They each have between six and thirteen justices—and they must generally sit in panels of three. TEX. R. APP. P. 41.1(a).  For them, en banc consideration of an appeal is meant to be rare. TEX. R. APP. P. 41.2(c).  When it comes to original proceedings, things can get complicated for these courts.  That is because there is no provision in our appellate rules for an en banc reconsideration of an original proceeding. *See* TEX. R. APP. P. 52.

The current en banc rules (Rules 49.5 and 41.2(c)) appear in Section Two of the rules of appellate procedure, which governs "Appeals from Trial Court Judgments and Orders."  There is no corresponding rule or language in Section Three, which governs "Original Proceedings in the Supreme Court and the Courts of Appeals."

Section Three is comprised entirely of Rule 52.  Rule 52.9 allows for a motion for rehearing in an original proceeding—but it makes no mention of a motion for en banc reconsideration.  And no other part of Rule 52 addresses en banc reconsideration.

Because there is no basis under Rule 52 for a court of appeals with more than three justices to reconsider an original proceeding en banc, such a motion could

---

[1]  The same is true for our two high courts, the Supreme Court of Texas and the Court of Criminal Appeals.  They also decide their cases en banc.

potentially (and some have argued should) be dismissed for that reason. But that is at odds with the common understanding of many lawyers and courts on this point. Indeed, our Court regularly receives motions for en banc reconsideration in original proceedings. And several courts of appeals with more than three justices, including our Court, have considered such motions rather than dismiss them.[2] That seems sensible and fair given that Texas courts should construe the rules reasonably but liberally, when possible, so that the opportunity for review is not lost by a literal reading that is not absolutely necessary. *See Kunstoplast of Am.*, *Inc. v. Formosa Plastics Corp.*, *USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam); *see, e.g.*, TEX. R. APP. P. 2.

But as the composition of our courts continues to change with every election cycle, this gap in Rule 52 remains as a potential trap for the unwary. I write separately to encourage the Supreme Court of Texas to address it as part of its rule-making function. Specifically, to revise Rule 52 to add or incorporate the language of Rule 49.5—including the en banc standard in Rule 41.2(c)—and clearly provide

---

[2] *See, e.g.*, *In re Gonzalez*, No. 07-21-00302-CR, 2022 WL 35822, at *2 (Tex. App.—Amarillo Jan. 4, 2022, orig. proceeding) (mem. op.); *In re Cook*, 629 S.W.3d 591, 594 (Tex. App.—Dallas 2021, orig. proceeding); *In re Molloy*, No. 01-19-00621-CV, 2020 WL 4589760, at *1 (Tex. App.—Houston [1st Dist.] Aug. 11, 2020, orig. proceeding) (mem. op.); *In re Cox*, 481 S.W.3d 289, 292 (Tex. App.—Fort Worth 2015, orig. proceeding); *In re Newport Classic Homes, L.P.*, No. 04-18-00126-CV, 2018 WL 6516118, at *1 (Tex. App.—San Antonio Dec. 12, 2018, orig. proceeding) (mem. op.); *In re Emex Holdings L.L.C.*, No. 13-11-00145-CV, 2013 WL 1683614, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 18, 2013, orig. proceeding) (mem. op.).

for the same type of en banc reconsideration in original proceedings that exists for

appeals of final judgments and orders.


Terry Adams
Chief Justice


En Banc Panel consists of Chief Justice Adams and Justices Rivas-Molloy, Guerra, Gunn, Caughey, Guiney, Morgan, Johnson, and Dokupil.

Chief Justice Adams concurring in the denial of en banc reconsideration by separate opinion, joined by Justices Gunn, Guiney, Johnson, and Dokupil.